**F. & M. SKIRT CO., Inc., v. A. WIMPF-HEIMER & BRO., Inc.**

**No. 7347.**

District Court, D. Massachusetts.

Jan. 4, 1939.

Myer L. Orlov, of Boston, Mass., for plaintiff.

Nutter, McClennen & Fish and Arthur E. Whittemore, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

This is a civil action in which the plaintiff alleges the purchase from the defendant of "Covina" cloth which was not as represented by the defendant and was unsatisfactory for the purposes for which it was bought. It is alleged in substance that garments manufactured from the cloth and sold by the plaintiff were returned by the latter's customers and that substantial damage ensued. Pursuant to Rule 33 of the federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the plaintiff filed and served a set of interrogatories to the defendant. The defendant answered some of them and declined to answer others. The plaintiff now moves that orders be entered striking some of the answers, compelling answers to some of the interrogatories not answered, and compelling further answers to interrogatories stated to have been insufficiently answered. The answers about which the plaintiff complains are as hereafter appear, and the numbers used below correspond to the numbers of the plaintiff's interrogatories.

(2) The second interrogatory inquires in substance whether the defendant received from the plaintiff an order for 25 pieces of Covina cloth and asks for the terms of the same. The defendant replied: "Yes. The terms were 6/10/60". This answer is insufficient and the defend-ant should answer this interrogatory further.

(3) The third interrogatory calls for the name of the representative or representatives of the defendant who engaged in the negotiations leading up to or who procured the order. Upon advice of counsel, the defendant declined to answer this interrogatory. In support of this position the defendant now says: "It is submitted that it is improper to permit the use of interrogatories for the purpose of ascertaining the identity of the party's witnesses and that the defendant may rightfully refuse to disclose the names or addresses or otherwise identify witnesses. This is in accordance with longstanding practice in the courts of this Commonwealth." Citing Superior Court Rules, 1932 Annotated, Rule 36 note, the defendant then states that the construction of the rules with respect to discovery should be governed by the law of this Commonwealth in so far as applicable law exists, and cites Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487.

To put it mildly, I doubt the applicability of the Tompkins Case to the procedural question here involved. Moreover, under the state practice the discovery of witnesses may be obtained by interrogatories. General Laws (Ter.Ed.) Chapter 231, Section 63, provides that the party interrogated need not "disclose the names of witnesses, except that the court may compel the party interrogated to disclose the names of witnesses and their addresses if justice seems to require it, upon such terms and conditions as the court deems expedient." The question here involved really is not whether a party should be compelled to furnish the names of ordinary witnesses. Even in such a case, to say the least, the court has discretionary power to direct such disclosure. But here the inquiry is as to who the persons were who conducted the negotiations or procured the order on behalf of the defendant. This interrogatory should be answered.

(4) The fourth interrogatory asks whether "the Sterling Advertising Agency or any of its employees" had anything to do with the order for the goods, to which the defendant answered, "I believe that a representative of the Sterling Advertising Agency introduced the plaintiff to the defendant as a party interested in pur-

chasing the defendant's products." The plaintiff says this answer is insufficient because of the use of the words "I believe", and says: "The use of the word 'belief' and 'understand' would defeat one of the salient purposes of the interrogatories. At a trial, it would permit the answering party to wriggle, explaining away easily the effect of the contrary answers on the basis that at the time it was only a belief. A witness on the stand would clearly not be permitted to answer any of the questions asked here with the statement of his belief. He should not be permitted to do so to Interrogatories."

The rule that a witness must give his recollection as opposed to his "belief" or "understanding" should apply to answers to interrogatories where the person answering has or purports to have personal knowledge of the events stated. But where his answer depends not on his own recollection but upon what others from whom he must make inquiry tell him, a different conclusion seems warranted. In this connection it is to be remembered that the answers of the interrogated party, save for exceptional circumstances, may not be received in evidence over his adversary's objection. While the question is not free from doubt, I think the defendant's answer to Interrogatory 4 is not so defective by reason of the words to which the plaintiff objects as to require an order striking it or for a further answer to it.

(5) This answer raises the same question as does the answer to the fourth interrogatory. No further answer need be made.

■ (6) The sixth interrogatory asks for any conversations incident to the negotiations between the parties for the purchase of Covina cloth, and purports to require that each conversation be stated in detail and that the defendant specify "who said what, to whom, when and where". The answer begins with, "In substance, as I understand it:", and there follows a statement of the conversations. The plaintiff objects to the words "as I understand it", a matter which has been considered in discussing the fourth interrogatory and the answer thereto. The present answer, however, should be supplemented by supplying the names of the representatives of the defendant who conducted the negotiations, in accordance with what has been said in discussing the answer to Interrogatory 3.

■ (12) The 12th interrogatory asks whether the defendant did "draw a report upon the plaintiff from any commercial reporting agency". I do not see how this inquiry is relevant and think the defendant within its rights in declining to answer it.

(13) The Thirteenth interrogatory is based upon the admissibility of the answer to the 12th. It need not be answered.

■ (16) The 16th interrogatory asks, "Was anything further stated by Plaintiff's representative to Defendant's representative as to the damages or trouble that the Plaintiff might sustain by reason of the non-washability of the Covina cloth?" This interrogatory the defendant declined to answer and now submits that "the defendant will not be required to set up in its answer statements by the plaintiff which would obviously be self-serving and accordingly inadmissible." The reason for not answering this interrogatory is insufficient as applied to the circumstances of the case. It should be answered.

(22) Interrogatory 22 requires no further answer.

(23) No further answer to Interrogatory 23 is required.

(25) The defendant's brief indicates a willingness to state whether the reports were oral or written. This is all that is required. The defendant need not state what the reports were, if oral, nor make copies of them, if written.

(27) This interrogatory need not be answered further.

(28) This interrogatory should be answered.

(29) This interrogatory need not be answered.

(30) This should be answered.

(33) This need not be answered further.

The plaintiff's motion is allowed to the extent heretofore indicated and the defendant ordered to answer accordingly in or within ten (10) days.