### KINGSWAY PRESS, Inc., v. FARRELL PUB. CORPORATION.

District Court, S. D. New York.

Nov. 1, 1939.

Walton, Bannister & Stitt, of New York City, for plaintiff.

Alfred L. Marilley, of New York City, for defendant.

MANDELBAUM, District Judge.

The defendant seeks an order sustaining its objections to the interrogatories propounded by the plaintiff. The action is for an alleged infringement of a copyright.

Equity Rule 58, 28 U.S.C.A. following section 723, which heretofore has provided the procedure regarding the interposition and answer of interrogatories has been supplanted by Rule 33 of the Federal Rules of Civil Procedure 28 U.S.C.A. following section 723c. Effective September 1st, 1939, the United States Supreme Court amended Rule 1 of the Copyright Rules 17 U.S.C.A. following section 25, to provide that copyright actions be governed by the Federal Rules of Civil Procedure. This motion must therefore be decided in the light of Rule 33 of the new rules.

Defendant objects to the interrogatories claiming that the plaintiff seeks to acquire in advance of trial knowledge and information with respect to the defendant's defenses and with respect to matters and evidence which are in no way necessary to the plaintiff to establish its cause of action, but pertain entirely to the defendant's case.

With the former Equity Rule 58 in mind, as well as a consideration of the purposes behind the Federal Rules of Civil Procedure, particularly Rule 33, the court is of the opinion that the objections urged by the defendant to the interrogatories are untenable and should be overruled.

To summarize: (one) the scope of discovery under Rule 33 may be as broad as the scope of examination by deposition as provided in Rule 26(b); (two) it is im-

material whether the matters are as much within the knowledge of the interrogating party as of the adverse party; (third) the disclosure sought is not limited to material or ultimate facts but extends to all facts, whether ultimate or evidentiary which are relevant (excepting matters which are privileged), and (fourth) interrogatories may obtain disclosure of names and addresses of witnesses. See Moore's Federal Practice under the New Federal Rules, Vol. 2 pp. 2609–2620.

The motion to sustain the objections of the defendant to the interrogatories propounded by the plaintiff is denied.