**BROCKWAY GLASS CO., Inc., v. HART-FORD–EMPIRE CO., et al.**

No. 387.

District Court, W. D. New York.

May 9, 1940.

Saperston, McNaughtan & Saperston, of Buffalo, N. Y. (R. Kerford Wilson, of Buffalo, N. Y., of counsel), for plaintiff.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (Stephen H. Philbin, of New York City, of counsel), for defendant Hazel-Atlas Glass Co.

KNIGHT, District Judge.

Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, has been and is certain to be a source of much labor for the courts. It will be made less onerous if the courts, as they should, strictly construe the rule as applicable only to particulars sufficiently definite to enable a party to prepare a responsive pleading and construe "preparation for trial" as comprehended in the words "to prepare his responsive pleading." That clearly was the intent as respects a motion for a bill of particulars. If the party is fully advised of the meaning of the averments of the pleading, he is in a position to "prepare for trial." This is so unless we are to say that the moving party is entitled to "evidence." That clearly is outside of the purpose of the rule. The rule is to be construed in the light of other provisions of the Rules of Civil Procedure stating the requirements of a pleading (Rule 8), permitting the taking of depositions (Rule 26) and also by the submission of interrogatories (Rule 33).

Rule 12(e) has been many times construed by the courts. It is unnecessary to make any analysis of these opinions. Each case depends upon its own particular pleading, and any comparable state of facts can hardly be found. This court has heretofore expressed views in accordance with the within. United States v. Schine Chain Theatres, Inc., et al., 1 F.R.D. 205. With the purpose of Rule 12(e) in mind, the court has carefully examined the particulars requested. The complaint in an unusual degree sets out the charges made, and it seems that it is necessary that little be added.

It seems to me that particulars should be required only with respect to the following:

(1) XI. State the person or persons making the request and whether oral or in writing.

LII. State the person or persons who misrepresented or concealed the terms of the agreement of July 1, 1932.

(2) XI. State the person or persons representing Hazel and Kearns, either or both, who made the agreement, and wheth-

er the agreement was oral or in writing, or in the alternative state that all the terms of the agreement stated in XI are included in Exhibit A.

(3) XI. State the person or persons representing Hazel and Kearns who "understood" the purpose of the agreement, and also whether there was any writing showing such understanding.

(5) XXXIV (a) Allowed, except that in lieu thereof plaintiff may state, if the fact, that the concealment is in the respects therein before stated.

XXXVII. Same direction as in (5) XXIV, supra.

XXXX. Same direction as in (5) XXIV, supra.

Except as hereinbefore set forth, the motion for particulars is denied.