## CANUSO et al. v. CITY OF NIAGARA FALLS.

Civ. No. 1504.

District Court, W. D. New York.

Feb. 19, 1944.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y. (Nevius, Brett & Kellogg, of New York City, of counsel), for plaintiffs.

Clarence W. Greenwald, Corp. Counsel, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

This is a motion by plaintiffs for a bill of particulars addressed to nine counterclaims set forth in defendant's amended answer.

The complaint alleges a contract reduced to writing and incorporated in a printed document with typewritten amendments, involving as the subject matter the construction of a sewage disposal plant for the City of Niagara Falls, New York, for the contract sum of over $1,700,000 and with a balance due and unpaid of $369,197.88. The amended answer denies these allegations of the complaint which set forth the plaintiffs' description of the printed contract, its execution and delivery and performance of the necessary prerequisites to its inception into legal effect. In addition it sets forth counterclaims, in the total amount of $178,714.95, which do not describe any specific document or documents as embodying a contract but merely refer to "the contract."

On argument, the plaintiffs have submitted a copy of the contract (covering 340 and more pages) and have made apparent to the court that the subject matter of the contract involves a complex construction program. Defendant's counsel states in his brief: "Of course there was a printed contract with amendments entered into between the parties and it was the contract known as No. 3 in the printed copy referred to * * *. The denial of its execution in the amended answer was occasioned by the plaintiffs' method of pleading when the allegation of execution * * * was joined with other allegations of performance * * * which defendant is not willing to admit."

In general, the plaintiffs' motion seeks a specification of the contract clauses under which defendant urges a claim to relief and further seeks itemizations of the general allegations of expenses and damages which the alleged non-performance caused the defendant to incur.

The court is again faced with the problem of correlating Rule 12(e) of the Rules of Civil Procedure with Rules 8, 16 and Rules 26–37, 28 U.S.C.A. following section 723c.

The function of a motion under Rule 12(e) is not to require a disclosure of evidence from the adverse party but is to enable the moving party to prepare a "responsive pleading or to prepare for trial." Rule 12(e). The extent and scope of the phrase "to prepare his responsive pleading" has not presented much difficulty to the courts when its meaning has confronted them. Fitting in with the former conception of a bill of particulars prior to adoption of the rules, old ideas formulated from our case law have been carried over into the rule and have aided in its interpretation. The phrase "or to prepare for trial" has given trouble. It is a new concept added to the former function of a bill of particulars, and the tendency has been to restrict it. See Best Foods v. General Mills, Inc., D.C., 3 F.R.D. 275. Rule 16 gives the court a means to procure the simplification issues, amendments to pleadings, admissions of fact. Rules 26–37 allow a party liberal scope and power to interrogate a corporate body through its officers, and, thus, to obtain evidentiary matters.

Amongst the 38 specifications which plaintiffs seek are whether or not defendant admits possession of the contract and reciprocal signing by both parties; itemization of alleged defective equipment, repairs and expenses of same both as to labor and material. These matters are matters of individual testimony and accounting and are more fully reachable under Rules 26–37. In the same way, other itemizations requested by plaintiffs are not properly matters best supplied by a motion for a bill of particulars.

It is contended by plaintiffs that it is not definite from the counterclaim and answer whether or not plaintiffs and defendant are claiming under the same contract. The counterclaims do not allege effective execution and delivery of nor do they, in any positive way, define and limit a contract. Defendant is a municipality and to a great extent its officers are restricted by multiple laws in regard to formation of contracts

and amendments thereto. With these factors present it is apparent that some restriction of the counterclaims by means of a bill of particulars should be afforded plaintiffs to the end that effective gains may be made through a pre-trial conference, if one is directed, or any action which may be followed by plaintiffs or defendant under Rules 26-37.

The discretion of the court under Rule 12(e) should be exercised with attention directed to the possible application of Rule 16 and Rules 26-37. United States v. Schine Chain Theatres, Inc., D.C., 1 F.R.D. 205; Brockway Glass Co. v. Hartford-Empire Co. et al., D.C., 1 F.R.D. 242. Those particulars which can be effectively sought under Rules 26-37, and by so doing give greater effect to Rule 1, should not be sought through Rule 12(e), unless they are necessary to prepare a responsive pleading. The court should likewise consider whether the particulars requested can be effectively furnished at a pre-trial conference under Rule 16. The rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 1, and see United States v. Schine Chain Theatres, supra.

Admissions by counsel in a brief are not a substitute for pleadings and are no part of a judgment roll, the latter being the final test as to whether or not admissions by counsel may be binding on a party.

With the foregoing in mind, the following disposition is made of the motion:

Plaintiffs' motion will be granted in full insofar as specifications Nos. 1, 10, 11, 15, 35, 38.

In the event defendant complies with specification No. 1 by failing to admit that in the counterclaims its reference to "the contract" refers to the contract known as Contract 3 in a printed document with typewritten amendments, then defendant will be required to submit particulars set forth in specifications Nos. 4, 7, 8, 17, 20, 24, 31, 34.

Defendant will further be required to comply with specifications 9, 14, 18, 23, 25, 28, 30, 32 by stating the total amount of expenses apportioned to labor and the total amount of expenses apportioned to material as to each numbered specification. In other respects, the particulars requested in these paragraphs are denied.

Defendant will be further required to comply with specification 19 by stating what parts are claimed to have been defective; and required to comply with specification 21 by stating to whom the alleged notification was given and whether verbal or oral; and required to comply with specification 22 by specifying what repairs, adjustments and corrections were made by defendant.

Defendant will be required to state the general nature and total amount of loss and the total amount of expenses allocated to labor and the total amount to material in specification No. 6 and will be required to state the total amount of expenses incurred in employing and retaining engineers and consultants in specification No. 37. Other matters specified in Nos. 6 and 37 are denied.

The language of Rule 12(e) "to prepare for trial" is not to be read out of the Rule nor is it to be read into the Rule as entitling a party to "a detailed statement of the various items of the claims." It is rather to supplement the other purpose stated in the rule so that the matters in issue may be clearly understood as to their nature and intent. Thompson-Starret v. Chicago Housing Authority, D.C., 3 F.R.D. 68; Hughes Federal Practice, vol. 17, § 20392, page 451; Brockway Glass v. Hartford-Empire Co., D.C., 1 F.R.D. 242. Many of the requests for particulars here seek information as to "detailed statements of various items." As pointed out heretofore, these can be sought through other provisions of the Rules. The effort has been made to give a liberal interpretation of the Rule. By pre-trial conference the issues may be narrowed or certain of them adjusted.

All other specifications besides those hereinbefore mentioned are denied in full.

Let an order be prepared accordingly.