**ROTH et al. v. PARAMOUNT FILM DIS-
TRIBUTING CORPORATION et al.**

Civ. A. No. 3052.

District Court, W. D. Pennsylvania.

March 22, 1945.

Nathan M. Katz, O. K. Eaton, J. Roy Dickie, of Dickie, Robinson & McCamey, all of Pittsburgh, Pa., for plaintiffs.

Bernard G. Segal and John E. Mulder (of Schnader, Kenworthey, Segal & Lewis), both of Philadelphia, Pa., and John G. Buchanan (of Smith, Buchanan & Ingersoll) and James H. Beal, Jr. (of Reed, Smith, Shaw & McClay), both of Pittsburgh, Pa., for defendants.

McVICAR, District Judge.

This is an action by twenty-seven exhibitors of motion pictures in the Pittsburgh area against eight motion picture distributors, wherein plaintiffs seek to have declared unlawful under the anti-trust laws, and unenforceable, certain agreements running over a period of years, wherein the defendants entered into agreements with the plaintiffs for exhibition of pictures by plaintiffs on the basis of a percentage of the gross receipts for such exhibitions. Plaintiffs further seek to enjoin the defendants from ascertaining from plaintiffs' books and records, the amount of gross receipts received by each plaintiff from the exhibition of said pictures under said contracts, and to restrain defendants from proceeding with pending suits for damages, etc. Defendants, in their answers, deny that said agreements for the exhibition of pictures made between the plaintiffs and the defendants are unlawful under the anti-trust laws. They allege that plaintiffs came into court with unclean hands and deny that plaintiffs are entitled to the relief for which they have prayed. Defendants, in their counterclaims, allege that plaintiffs have failed to pay the amount due defendants under said license contracts: that plaintiffs have fraudulently concealed the amount of the receipts received by them for exhibition of such pictures, and they ask for damages in the amount that shall be found unaccounted for by plaintiffs, together with exemplary damages. Defendants filed a motion for permission to inspect and copy or photograph certain documents, books, accounts and records enumerated therein. Defendants have objected to certain interrogatories propounded to them by the plaintiffs. This action is now before us on the motion aforesaid and the objections to certain interrogatories.

### Motion to Inspect and Copy or Photograph Documents, Etc.

In the motion of defendants, it is moved: "That the plaintiffs severally produce and permit each defendant, its attorneys and agents, to inspect and copy or photograph the following documents, papers, books, accounts and records, or any portions of them, with respect to the entries therein pertaining to the gross box office receipts derived from patrons admitted to the exhibitions herewith listed, of motion pictures licensed by said defendant on the basis of a percentage of the gross admission receipts, for showing at one or more of the theatres operated by a plaintiff herein."

Plaintiffs object to said motion on the ground that they should not be required to comply therewith until the Court has determined that the aforesaid license agreements between the plaintiffs and the defendants are legal.

304

Rule 1 of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, provides that "They shall be construed to secure the just, speedy, and inexpensive determination of every action." Rule 26 (a) provides for the taking of depositions and discovery pending action of any person, whether a party or not, by oral examination or written interrogatories for the purpose of discovery or for use as evidence in the action or for both purposes. Rule 26 (b) provides that the deponent may be examined regarding any matter, not privileged, which is relative to the subject matter involved in the pending action, whether relating to the claim or defense and includes the existence, description, nature, custody, condition and location of books, etc., and the identity and location of persons having knowledge of relevant facts. Rule 33 provides for interrogatories to parties, and Rule 34 provides that "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control."

These rules indicate the purpose thereof was to require parties to produce all material and relevant evidence in their possession before the trial, providing that appropriate action is taken, under the rules, therefor. Good cause has been shown for the granting of the motion before the Court. The documents, etc., which defendants seek plaintiffs to produce and permit the inspection, copying and photographing thereof, contain evidence material to the issues in this case,—the issue whether plaintiffs have come into court with clean hands and the issue as to damages in defendants' counterclaim. The motion should be granted.

Objections by Defendants to Certain
Interrogatories Propounded to
Them by the Plaintiffs.

These objections are under Rule 33, which provides that "Any party may serve upon any adverse party written interrogatories to be answered by the party served. * * * Objections to any interrogatories may be presented to the court within 10 days after service thereof, with notice as in case of a motion."

Rules 33 and 26 have been before the courts in many cases. The courts have held that these rules should be given a liberal construction and that Rule 33 should be construed as broadly as Rule 26. See Dixon v. Phifer et al., W.D.S.C., 30 F. Supp. 627; Nichols et al. v. Sanborn Co., D.C.Mass., 24 F.Supp. 908; Unlandherm v. Park Contracting Corporation et al., S. D.N.Y., 26 F.Supp. 743; Fleming v. Bernardi, N.D.Ohio, 1 F.R.D. 624; Landry v. O'Hara Vessels, Inc., D.C.Mass., 29 F. Supp. 423.

Under Rule 33 a party may interrogate for the names of witnesses Whitkop v. Baldwin, D.C.Mass., 1 F.R.D. 169.

It has been held that interrogatories are not restricted to matters which are admissible at trial. Mackerer v. New York Cent. R. Co., E.D.N.Y., 1 F.R.D. 408; Lewis v. United Airlines Transport Corporation et al., D.C.Conn., 27 F.Supp. 946.

Interrogatories may be filed although the information requested is known to the party interrogating. Benevento et al. v. A. & P. Food Stores, Inc., E.D.N.Y., 26 F.Supp. 424.

In Kingsway Press, Inc. v. Farrell Pub. Corporation, S.D.N.Y., 30 F.Supp. 775, it is stated: "To summarize: (one) the scope of discovery under Rule 33 may be as broad as the scope of examination by deposition as provided in Rule 26(b); (two) it is immaterial whether the matters are as much within the knowledge of the interrogating party as of the adverse party; (third) the disclosure sought is not limited to material or ultimate facts but extends to all facts, whether ultimate or evidentiary which are relevant (excepting matters which are privileged), and (fourth) interrogatories may obtain disclosure of names and addresses of witnesses. See Moore's Federal Practice under the New Federal Rules, Vol. 2, pp. 2609–2620."

In the case of Heiner v. The North American Coal Corporation, W.D.Pa., 3 F.R.D. 63, 64, this court, by Judge Gibson, stated relative to Rule 26: "Rule 26 of the Rules of Civil Procedure, providing for

discovery and obtaining of evidence for use at trial, is broad in scope and has been given liberal construction by the courts. It plainly does not confine the depositions taken under it to matters strictly material to the issue. If incompetent matter, but not privileged, be adduced, objection thereto may be made at trial if the deposition be offered. In the present case complaint in effect charges a conspiracy between the defendants. That being so, the scope of the testimony and its possible relevancy would be practically impossible to determine at the present stage of the action."

Interrogatory 36 to Loews, Inc., reads: "If you have any written agreement with any or all of the other defendants * * * attach copy or copies thereof to your answers to these interrogatories."

This interrogatory was objected to, and as the Rules do not require the attaching of copies, the objection is sustained.

Interrogatories 39 and 40 to Loews, Inc., interrogates as to moving picture theatres owned or controlled, etc., by Loews, Inc., November 20, 1940 and June 15, 1944. This matter is relevant to plaintiffs' action and the objections thereto are overruled.

Interrogatories 47, 48 and 49, to all defendants, relate to the pecuniary interest of defendants in motion picture theatres and operation thereof in cities of more than 10,000 inhabitants and in regard to the licensing of motion pictures therein. The matters in these interrogatories are relevant and the objections thereto are overruled.

Interrogatories 104 to 108, inclusive, to Loews, Inc., and interrogatories 100 to 104, inclusive, to all other defendants are the same. They relate to exhibitors' statements of receipts as required by exhibition contracts, to checks made by an employee or representative of each defendant and as to feature pictures to which each defendant demanded the right to audit plaintiffs' books, etc. These interrogatories are relevant to plaintiffs' action; the objections thereto are overruled.

The parties have agreed to substituted interrogatories 1, 2 and 3; consequently, the objections to the original interrogatories 1, 2 and 3 have not been considered.

Let orders be prepared and submitted in accordance with the foregoing opinion.