**CANUSO et al. v. CITY OF NIAGARA FALLS.**

**Civ. No. 1504.**

District Court, W. D. New York.

April 9, 1945.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y. (Nevius, Brett & Kellogg, of New York City, and Edward E. Franchot, of Niagara Falls, N. Y., of counsel), for plaintiff.

Clarence W. Greenwald, Corp. Counsel, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

This action is based upon a contract between plaintiff and defendant whereby plaintiff was to construct a sewage disposal plant for defendant for a stated consideration.

Plaintiff previously sought a bill of particulars, seeking a specification of the contract clauses under which defendant urges a claim to relief and further seeks itemizations of the general allegations of expenses and damages which alleged non-performance caused defendant to incur. This court, 3 F.R.D. 374, denied the motion for a bill of particulars in part and granted it in part and in passing suggested that Rules 26–37, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, allow a party liberal scope and power to interrogate a corporate body through its officers, and, thus, to obtain evidentiary matters.

Plaintiff now has served certain interrogatories upon defendant pursuant to civil rule 33, stating by affidavit that it can have no definite knowledge of what specific matters are generally described and referred to in the various counterclaims without securing further information from the defendant in respect thereto. Plaintiff further states that the purpose of the interrogatories is two-fold: to prepare for trial of the counter-claims and to put plaintiffs in a position for intelligent action on any pre-trial conference that may be held.

Defendant objects upon the grounds that the numerous (54) interrogatories' call for a great mass of detail and such is information which could be obtained by the taking of oral depositions and that it would be a vexatious and harassing burden upon defendant to answer.

In Coca-Cola Co. v. Dixi-Cola Laboratories, D. C., 30 F.Supp. 275, 279, certiorari denied 314 U.S. 629, 62 S.Ct. 60, 86 L.Ed. 505, the court quoted with approval from 42 Yale Law Journal 875, 876, that "It is only when the facts sought are few, formal and isolated, that this method (interrogatories) can be satisfactorily employed. * * * But if discovery is to involve a thorough inquiry into the vital and highly controversial phases of the case, resort must be had to an oral examination." The court went on to hold that where the facts sought are very numerous, they tend to become unduly burdensome to the adverse party and difficult for the court to administer, and, therefore, depositions rather than interrogatories should be employed. Vide: Brightwater Paper Co. v. Monadnock Paper Mills, D.C., 2 F.R.D. 547; Checker Cab Mfg. Co. v. Checker Taxi Co., D.C., 2 F.R.D. 547. Contra to this is J. Schoeneman, Inc., v. Brauer, D.C., 1 F.R.D. 292, which holds that the number of interrogatories is immaterial as long as the inquiries are pertinent.

■ One of the purposes of the new Federal Rules of Civil Procedure was to adopt the best of the modern English and state practices for discovery.

Several cases hold that interrogatories may be as broad in scope as an examination by deposition under Rule 26. Graver Tank & Mfg. Corporation v. James B. Berry Sons Co., D.C., 1 F.R.D. 163. Fleming v. Southern Kraft Corporation, D.C., 37 F.Supp. 232, 235; Munzer v. Swedish American Line, D.C., 35 F.Supp. 493; Nichols v. Sanborn Co., D.C., 24 F.Supp. 908; Kingsway Press v. Farrell Pub. Corporation, D.C., 30 F.Supp. 775; Knox v. Alter, D.C., 2 F.R.D. 337; Stewart-Warner Corporation v. Staley, D.C., 2 F.R.D. 199.

■ Each action should stand upon its own. The novelty and facts of the individual case must determine whether or not interrogatories should be granted. We have previously noted the length of the contract involved and of the pleadings. The guide is not the number of interrogatories propounded, but rather it is whether or not the demand is reasonable as viewed with relation to the particular case. When action is instituted the parties should proceed under the most feasible, rapid and inexpensive lines or the new rules of civil procedure will be robbed of their purpose. The fact that plaintiffs had a choice be-

tween interrogatories and depositions does not bar the use of interrogatories. Fleming v. Southern Kraft Corporation, supra; United States v. Griffith Amusement Co., D.C., 1 F.R.D. 229. Neither method is to be excluded because the other is selected.

Because of the case at bar, the length of the pleadings and of the contract involved, we feel that interrogatories as a method are proper here. We will not refuse them because the information would be obtained by taking oral depositions or because they impose a vexatious and harassing burden upon defendant in this case.

No. 1 through No. 19 shall be answered as all relate to proper matters under the counterclaim, except that the names of laborers in No. 6 need not be answered.

Defendant specifically objects to interrogatories Nos. 20, 29, 30, 38, 45, 46 upon the ground that they call for conclusions.

A party interrogated need only answer matters of fact within his knowledge and is not required to express opinions. Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328.

As to interrogatory No. 20, defendant should state what repairs and corrections were actually made. Caggiano v. Socony Vacuum Oil Co., D.C., 27 F.Supp. 240; Teller v. Montgomery Ward & Co., D.C., 27 F.Supp. 938; Lowe v. Greyhound Corporation, D.C., 25 F.Supp. 643; Doucette v. Eastern States Transp. Co., D.C.. 1 F.R.D. 66.

No. 29 calls for a conclusion and need not be answered.

No. 30 does not call for a conclusion, should be answered.

No. 38 is allowed. It may be answered by quoting from the contract those paragraphs directing plaintiff to pay for power, gas, telephone and fuel oil between August 31, 1938, and November 27, 1938. Interrogatories seeking to find out in particular the scope of the defense are proper.

Dugan v. Sperry Gyroscope Co., Inc., D.C., 35 F.Supp. 902.

No. 45 does not call for a conclusion or opinion and as the amended answer definitely states that there is such a regulation, the defendant must name his source of authority. Dugan v. Sperry Gyroscope, supra.

Because the contract, agreements and regulations referred to are public records will not cause us to overrule the interrogatories. Riordan v. Ferguson, D. C., 2 F.R.D. 349. As to those matters which defendant cannot regularly furnish information and details, it may so state under oath. RCA Mfg. Co., Inc., v. Decca Records, Inc., D.C., 1 F.R.D. 433.

No. 46 refers to defendant's amended answer which alleges plaintiff has knowledge of certain contract provisions. Defendant should state what these provisions of the contract are by referring to the contract.

No. 49 need not be answered. Said interrogatory inquires: "What was the nature, extent and items of all causes of all of the losses which defendant suffered in not receiving federal funds when they were due and avoidable or which prevented the receipt and use of federal moneys?" The question goes beyond the purpose of Rule 33. Further, the answer to No. 50 sufficiently meets the plaintiff's rights.

No. 50 should be answered.

Upon the question of interrogatories calling for conclusions, we have kept in mind our decision in American S. S. Co. v. Buckeye S. S. Co., D.C., 1 F.R.D. 773, wherein we held that any interrogatory is proper which would be proper if asked the witness on the stand. Many of these which defendant terms as calling for conclusions could be asked of a witness.

All other interrogatories are to be answered.