### CANUSO et al. v. CITY OF NIAGARA FALLS.

Civil Action No. 1504.

District Court, W. D. New York.

Sept. 13, 1945.

160

See also 7 F.R.D. 162.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y. (Nevius, Brett & Kellogg, of New York City, and Edward E. Franchot, of Niagara Falls, N. Y., of counsel), for plaintiff.

Clarence W. Greenwald, Corp. Counsel, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

This is a suit brought by the plaintiffs to recover on a contract made by the plaintiffs with the defendant, City of Niagara Falls. Issue has been joined, and, among other things, the answer includes a counterclaim arising out of said contract, and to this counterclaim a reply has been interposed.

Heretofore orders have been made by this court, one directing the defendant to serve a bill of particulars, 3 F.R.D. 374, and the other directing the defendant to answer certain interrogatories, 4 F.R.D. 362. The bill of particulars was directed to amplifying the counterclaim, and the interrogatories were directed and restricted to matters set up in the counterclaim and not answered in the bill of particulars.

The plaintiffs, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, served on defendant a notice of the taking of certain depositions upon oral examination and caused to be issued subpoenas to certain individuals for examination. Subpoenas duces tecum were directed to two such individuals to produce certain papers, letters and documents. Thereafter the defendant moved to vacate the notice of the taking of depositions, and, in the event of denial of that motion, for an order that depositions be taken upon written interrogatories and that such be limited in scope as to the relevant matters of inquiry. This court then made an order fixing a date of hearing on the motion and withheld the determination of the date on which the individuals subpoenaed were to appear for examination, pending the disposition of the motion. Plaintiffs then moved, both for the denial of the motion of the defendant and for the re-affirmation of the validity of the subpoenas aforesaid.

The suit involves a detailed printed contract of 340 pages for the construction of a sewage disposal plant. A casual reading of the pleadings, the bill of particulars and the answers to the interrogatories must disclose that there are a great many items involved in this suit which will require consideration and determination. Lengthy discussion of the various motions has been had and extensive briefs have been submitted.

The Federal Rules of Civil Procedure are most liberal in their provisions entitling a party to pretrial examination of parties and witnesses, and those rules have quite uniformly been so construed by the courts.

Rules 26 to 37, inclusive, of the Federal Rules of Civil Procedure set out

consistent but different procedures directed to the purpose of disclosing the real issues to be decided. The requisite of a pleading is that it be "simple, concise and direct." Rule 8(e) of aforesaid Rules. Under such a pleading the details of claims are not required and even a bill of particulars may not provide these sufficiently. Rules 26 to 37, inclusive, supplement these.

This suit is brought to recover $369,-197.88. The complaint contains nine alleged causes of action set out in a pleading of upwards of 30 pages. The counterclaim is for $178,714.95 and is based on twelve separate counts. The issues are triable by a jury and beyond any doubt the trial will be long. The fact that these issues are triable by a jury is an urgent reason why the real questions of fact involved be made clear before the trial. The task of the jury will be difficult despite the pre-trial proceedings.

■ Under Rule 26, supra, the court may determine whether any examination is to be permitted, or whether one may be had on written interrogatories or oral examination. The difficulties of the coverage of the subject matter through written interrogatories by reason of its magnitude and diversity are apparent. Here we think the purposes of the rules are best served by an oral examination. We reach this conclusion particularly because of the great number of items shown to be involved.

The rules carefully guard the interests of the party. The right of objection to testimony at the hearing or on the trial; right of cross examination; right to move to terminate or limit the examination for good cause; and the right to use any or all portions of the examination upon the trial are provided. Of course, these rights apply whether the examination be oral or by interrogatories.

The court feels quite confident that the defendant corporation has no other purpose in its defense than the honest determination of the facts. There, therefore, should be no reason why the defendant corporation should not willingly submit its records and its officers to a pre-trial examination.

■ In the opinion of the court oral examination should be had as proposed, and the documents to which the subpoena duces tecum is directed should be produced. Many of the requested papers are originals of letters written by the plaintiffs. Some doubt has been entertained as to whether these should be required to be produced, since assumedly, and it is believed admittedly, the plaintiffs are in possession of copies of these letters.

These could, of course, be required to be produced upon the trial, or, in default of production, secondary evidence could be given of their contents. However, to simplify the procedure, it is thought that the defendant should be required to produce the letters. We see no harm in this to the defendant.

■■ The requests for documents to be produced are very broad and numerous. The documents sought must have some relation to the issue. They must be relevant to the issue. It is not seen how the court can now fairly strike out certain documents or types of documents directed to be produced. The defendant has the right at any time to come to the court where there is ground for the claim that the examination exceeds its limit as heretofore stated, or whenever it is shown the examination is "being conducted in bad faith or in such manner as reasonably to annoy, embarrass, or oppress" the defendant. With the examination held to its proper limits, we think the defendant should have no just cause for complaint. The defendant has urged as a reason why the oral examination should not be had first that the plaintiffs have exhausted their rights to an examination through procuring a bill of particulars and an order for service of interrogatories to which there has been compliance and that this motion is made in bad faith and for the purpose of annoyance and delay in the trial. It is not believed that either claim has substance. Nothing in the prior proceedings conflicts with or is a duplication of the proposed examination. No rule forbids this examination. The construction suit in question was completed in or about 1938. Plaintiffs filed their claim as a basis for this suit in 1942. Summons and complaint and answer were served in 1943. Since the last-mentioned date there have been various proceedings

in this court as hereinbefore set forth. It is quite apparent that the preparation for the trial has involved much time on the part of both parties, and the delay seems long. But nothing is seen in the acts of the plaintiffs, or their attorneys, which foreclose them of this right to the examination. There is no ground for finding, as claimed by the defendant, that the plaintiffs have acted in bad faith despite the delay heretofore had, or that the motion for examination is made to embarrass or annoy the defendant, or to delay the trial.

The preliminaries should be cleared up, and the case brought to trial promptly. The court upon the motion of either party will endeavor to see that this is done as quickly as is reasonably possible.

The date and the place of examination are fixed in the order granted on this decision. In so far as the place of hearing is fixed, the court will consider any request of the defendant for any change.