## CANUSO et al. v. CITY OF NIAGARA FALLS.

Civil Action No. 1504.

District Court, W. D. New York.

Oct. 11, 1945.

Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y. (Nevius, Brett & Kellogg, of New York City, and Edward E. Franchot, of Niagara Falls, N. Y., of counsel), for plaintiff.

Clarence W. Greenwald, Corp. Counsel, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

Defendant has now moved to quash a subpoena duces tecum served upon the City Manager demanding the production of certain documents for examination before trial in connection with oral depositions being taken by plaintiff, or to impose terms. Defendant objects to the production upon the grounds that it would necessitate considerable time and expense to assemble the same, that the matter required is privileged and irrelevant, and that plaintiff should move under rule 34 rather than under rule 26, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Plaintiff has brought a cross motion which asks for the production of certain documents by designated officers.

■ On a motion heretofore made by the defendant to vacate the notice of the taking of the depositions, the court denied the motion. D.C., 7 F.R.D. 159. The plaintiff in opposing the motion also asked for a re-affirmation of the subpoena duces tecum theretofore issued and upon which the time to appear had then expired. The court in effect sustained the motion to re-affirm. The details of the subpoena were not given consideration, save as respects certain letters purported to have been written by the plaintiff to the defendant. Despite the decision on the first motion, it is believed that the provisions of the subpoena duces tecum should now be reconsidered. Endeavor has been made to be liberal in passing on the question of the production of papers and documents. Sufficient reason may later appear for the production of other papers and documents not now directed to be produced. If and when this situation arises, another application may be made to this court. It seems quite evident that plaintiffs must have in their possession a great number of the documents or copies of the documents to which the subpoena is directed. The authenticity of these should be agreed upon by stipulation between the parties. Again, numerous letters referred to are set out in the record of the proceedings of the Common Council concerning which there should be no question of their accuracy, and these should be taken care of by stipulation. The defendant should not be required to furnish any copies of these documents, saving at the expense of the plaintiffs. Public records can be produced by an official of the defendant, and when referred to by proper designation without marking may be retained by the defendant. There should be no difficulty about this procedure.

■ Proceeding under Rule 26 rather than under Rule 34 is not improper. Rule 26 provides for discovery with depositions; Rule 34 provides for it without the use of depositions. As the court must make an order in either instance, it is immaterial under which rule the party proceeds. When the deposition of a party is taken, he may be compelled to produce books, papers or documents by a subpoena duces tecum. Rule 34 is used for the production independent of the deposition. It is broader in that it also required the production of accounts, letters, photographs, objects or tangible things but is narrow in that it applies only to parties. The May, 1945, draft of the proposed amendments to the Rules seems to treat Rules 26 and 34 together, but presently we feel that Rule 34 is devised to secure additional documents needed after their relevancy and disclosure have been made when proceeding under Rule 26.

■ Matters privileged or irrelevant are beyond the subpoena. As heretofore stated, we have endeavored to be liberal. Since the matters in dispute between the parties are not as well determined at discovery examinations as at the trial, we must follow this liberal standard of relevancy. In quashing certain portions and allowing certain parts of the subpoena, we have eliminated as best as presently can those parts which are irrelevant and privileged.

The court does not at this time pass upon the question of any expense allowed to the defendant for the production of any papers. If the defendant is put to any

considerable expense in the production of these documents, the court can pass upon that at some later time. We have pointed out herein the use of stipulation. Furthermore, many of the matters called for may be produced by the defendant's regular departmental employees or assistants.

The motion to quash is granted in part and denied in part. The following parts of the subpoena are allowed:

First A1, A2.

A3 is disallowed as Council records are available. B is disallowed as it would require presentation of all writings concerning each and every employee of defendant in connection with this construction. It should be made more specific.

C1 and C2 are allowed.

Second-A is disallowed, except such as are presently possessed by plaintiffs which arise out of or connected with the contract at issue herein.

B is allowed. C is allowed as to all plans, drawings and blue prints showing extent and layout of sewers when the report and supplementary report referred to in B was made and since then to the commencement of this action.

D is allowed.

Third A, B, C may be taken care of by stipulation as far as plaintiff has copies, but defendant is to produce any that plaintiff does not have or that are not stipulated. C6, 8, 9, 12, 13, 16, 17, 18, 29, 32, 30 as to all communications addressed to P. W. A. only, are to be treated in the same manner as A and B above.

33 is disallowed, unless such plans are not in possession of plaintiff.

Fourth-A1, 2, 3, 4, 5, 6, 7, 8, 9 are allowed; B5, 6, 9, 10, 11, 13 as to reports only, 14, 15, 16, 17, 18, 19 are allowed.

20 is disallowed, it is too broad.

Fifth-B, allowed insofar as plaintiff is not in possession of such records or a copy of such records. C allowed as to all reports of mechanical trials only, and C2 is allowed as to all records, letters, or reports made by any official of defendant, relating to discontinuance of discharged industrial wastes into city sewer or diversion sewer leading to Adams Station. Also allowed are C3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, 16, 17, (18 is disallowed because dates not stated), 19, 20, 21, 22, 23, 24, 25, 26 insofar as it specifies letters between representatives of city, 27, 28, 29 are allowed.

30 is disallowed as it appears in Council records.

Sixth 1, 2, 3, 4, 5, 6, 8, 9, 10, 11, 14, 16 are allowed.

Seventh 1, 2, and 3 are allowed.

Eighth 1, 2, 3, 14, 20, 37, and 38 are allowed as to originals only, no copy.

Ninth-A is allowed as to all applications for funds in aid of disbursements made in the project in suit only. B is allowed as to the contract, amendments and supplements between defendant and P. W. A. relating to payment to defendant of moneys on account of the project in suit only.

Tenth 7 and 8th are allowed but copy not required.

All parts of the subpoena not specifically allowed herein are quashed. We add this because certain of the subpoena paragraphs are broad and ask also, in the words of the subpoena: "Including among others, but not exclusively." We have limited this.

So many documents are sought that it is not easy to determine just what should be required. The door is left open for plaintiff to make further application or applications as the examination proceeds.

Another thing, the defendant should not be required to produce any of the documents which it has been directed to produce if defendant will stipulate as to these that it has received the originals of which such are copies and will waive objection to the reception of the copies on the ground that they have not been sufficiently proven.

Plaintiff's counter motion, insofar as it conflicts with that herein, is denied. The essence of the motion has been provided for herein.

The time for the taking of depositions should be limited to half of a day at a time (part of day to be agreed on), so that defendant's officers may conduct the normal duties of their offices as much as possible. Whether this be done in the forenoon, afternoon, or alternately is a matter which the parties should be able to agree upon. Fur-

ther depositions should be conducted at the City Hall in a convenient room, not presently in use, located as near as possible to the records. It may be necessary to adjourn from various rooms as time goes on as records and witnesses may be situate.