**PORTER v. CENTRAL CHEVROLET, Inc.**

Civ. No. 23463.

District Court, N. D. Ohio, E. D.

Sept. 12, 1946.

— Walter Heddesheimer, of Cleveland, Ohio, for plaintiff.

Lloyd D. Hunter and Franklyn E. Stearns, both of Cleveland, Ohio, for defendant.

FREED, District Judge.

The plaintiff, Price Administrator, has filed this action to recover treble damages from the defendant for alleged overcharges in defiance of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A. Appendix, § 901 et seq.

The pleadings indicate the Administrator has examined the records required to be maintained by the defendant pursuant to the regulations under the Act.

These records are, have been and will continue to be available for inspection by the Administrator. Emergency Price Control Act, Title 50 U.S.C.A. Appendix § 922.

As the result of a "spot check" made by the Administrator, it is contended the defendant has overcharged some of its customers for automotive repair services, but the Administrator is unaware of all the instances when overcharges occurred because a complete examination of the records has not been made.

The Administrator, by means of interrogatories, now seeks to require the defendant to examine its own records, to answer questions for the purpose of determining the full extent of alleged additional overcharges.

The defendant has filed objections to the interrogatories predicating them upon two grounds: (1) That certain of them are wholly irrelevant and could in no way, directly or indirectly, affect the issues involved, and (2) That other interrogatories are not within the ambit of Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, pursuant to which they are propounded, and that they are burdensome and vexatious.

The general purpose and scope of Section V of the Rules relating to discovery and deposition, including Rule 33 dealing with interrogatories, have been the subjects of innumerable opinions by the various District Courts. They have been discussed at great length in numerous law review articles and in the periodicals which have analyzed the current trends of judicial interpretation.

Nothing would be gained by any extension of the discussion which already has evoked such prolixity.

■ Regardless what other points of conflict exist in the reported cases and in the observations of the commentators, it appears that the questions propounded in the interrogatories must reasonably tend to shed light on some aspect of the controversy, whether for the purpose of preparing for trial, or upon the trial itself. There is substantial agreement that the interrogatories should be relevant.

This limitation is a rule of necessity to keep the inquiry from going to absurd and oppressive bounds.

Applying the requirement of elemental relevancy to the first five interrogatories in this case, it is the court's judgment that the objections must be sustained. The court fails to comprehend how a disclosure of the total dollar value of labor services could in any wise throw any light, direct or indirect, on the question whether, in certain instances, the defendant has violated the maximum price regulations in respect of repair work.

Aside from the objections that the interrogatories are burdensome and vexatious, there remains the question whether interrogatories may be used for the purpose of determining the contents and the effect of documents which are available to the interrogator.

The information sought to be elicited is contained in the books and records of the

defendant corporation. The interrogatories, if ordered to be answered, can only be answered by reference to the very records which the Administrator has a right to inspect, and which the complaint indicates already have been partially examined.

What the Administrator is attempting to do is to require the defendant to examine, analyze, audit, compile and correlate information from its books and records and then to state its conclusions as to what those records reveal.

There can be little doubt that Rule 33 may be employed to force admissions from parties and to narrow the issues upon trial of the cause. Nor is there any doubt that the rule may be employed to seek out information which might be productive of evidence which may be used against the respondent party upon trial.

But that is a far cry from permitting parties to use the instrument of a rule to require another to collate, analyze, audit and state the effect of the contents of documents that the statute requires to be kept in pursuance of the execution of some public policy.

No authority has been cited to the court, nor would the court be inclined to follow any if cited, that the scope of Rule 33 should be extended to accomplish this end.

The Administrator urges that since this is not an action between private litigants wider latitude should be permitted when the Government or one of its agencies is a party representing its citizens.

. It is suggested that no consideration of burden or vexatiousness occasioned to the other party as the result of interrogatories should intervene to defeat the right of the sovereign in the enforcement of some public policy.

The court must reject this contention as foreign to the fundamental concepts of justice as he views them.

In the absence of statute conferring the right, this court cannot accept the view that the sovereign, in a suit involving one of its citizens, is entitled to any greater rights than a private litigant would have in an action against another. As litigants all are equals before the law.

For the reasons heretofore stated, therefore, the objections to Interrogatories 1 to 5, inclusive, will be sustained; those as to Interrogatories 6 to 8, inclusive, will be overruled, and those as to Interrogatories 9 to 20, inclusive, will be sustained.