## MOORMAN v. SIMON.
### No. 4667.

United States District Court
W. D. Missouri, W. D.
June 16, 1947.

R. S. McKenzie and James L. Williams, both of Kansas City, Mo., for plaintiff.

Norman S. Howell and Gene J. MacElhern, both of Kansas City, Mo., for defendant.

REEVES, District Judge.

■ In interrogatories numbered 5, 8 and 15, the plaintiff asks for an opinion on the part of the defendant as to the speed at which he was traveling at the time of the collision. It is the rule announced by numerous authorities that matters of opinion are not appropriate subjects of interrogatories. See Holtzoff on New Federal Procedure and the Courts, p. 90; also Canuso v. City of Niagara Falls, D.C., 4 F.R. D. 362; Hercules Powder Co. v. Rohm & Haas Co., D.C., 3 F.R.D. 328.

■ Interrogatory number 16 seeks the intention of the defendant as to what he was intending to do at the time of the collision. This, too, would call for an opinion, and, moreover, it is immaterial and irrelevant to the issues tendered by the plaintiff in his complaint.

■ The same is true with respect to interrogatory number 17, wherein the plaintiff asks of the defendant: "At the time of this collision what was your destination and where had you started from, and what time of day had you started?" It seems clear that the defendant would not be required to answer a question so irrelevant and immaterial.

■ Interrogatory Number 21 and Number 22 seek the names of witnesses to be called by the defendant. It is discretionary with the court whether a party should be required to disclose the names of his witnesses. F. & M. Skirt Co. v.

Wimpfheimer & Bro., D.C., 25 F.Supp. 898. While ordinarily a party may by indirection find out the names of witnesses by interrogatories, yet in this case the plaintiff is just as familiar with the events that transpired at the time, and is in as good position as the defendant to know or find out who the witnesses were. It seems an unnecessary burden to require the defendant in a case of this kind to furnish the names of his witnesses to the plaintiff.

Accordingly, the objections made by the defendant should be sustained, and it will be so ordered.