**McNAMARA et al. v. ERSCHEN et al.**

*Civil Action No. 910.*

United States District Court,
D. Delaware.

June 29, 1948.

William H. Bennethum (Marvel & Morford), of Wilmington, Del., for plaintiffs.

William Prickett, of Wilmington, Del., for defendants.

RODNEY, District Judge.

This is an action brought by a widow for the death of her husband resulting from an automobile collision. Included in the action are claims by the widow, as an individual, and by her son for their respective personal injuries sustained in the same accident. The defendants served upon the plaintiffs eighteen interrogatories under Rule 33, Federal Rules of Civil Procedure, 28 U.S.C.A. One of the plaintiffs answered on behalf of herself and the other plaintiffs the sixth interrogatory and part of the ninth interrogatory. To the remaining interrogatories and the unanswered part of No. 9 the plaintiffs objected on the grounds that such interrogatories are irrelevant, immaterial and not within the scope of Rule 33. At oral argument, the objections to interrogatories No. 3 and 15 were withdrawn.

The defendants rely strongly upon Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, which of course did lay down broad boundaries for the field of information which may be obtained under the deposition-discovery rules; but that case did not attempt to make irrelevant and immaterial matters proper subjects of interrogatories. Cinema Amusements v. Loew's, Inc., D.C.Del.1947, 7 F.R.D. 318, 320. The Supreme Court in the Hickman case [67 S.Ct. 392] expressly stated that "Mutual knowledge of all the *relevant* facts * * * is essential to proper litigation."[1]

■ It was well settled before Hickman v. Taylor that interrogatories are relevant if they relate to the subject matter of the proceedings and admissibility into evidence of the answers to interrogatories is not the test of relevancy,[2] and this is expressly so under the recent amendments to the Federal Rules of Civil Procedure wherein the only apparent requirements, with respect to the question of relevancy, are that the information sought is not privileged and appears reasonably calculated to lead to the discovery of admissible evidence. Rules 33 and 26(b), Federal Rules of Civil Procedure, as amended, supra. Inasmuch as no question of privilege is herein raised, it is necessary only to determine whether the interrogatories appear reasonably calculated to lead to the discovery of admissible evidence and are within the scope of Rule 33.

The first interrogatory asks for the names and addresses of witnesses that the plaintiffs will call at the trial. Plaintiffs contend that such an interrogatory is not within the scope of Rule 33 and might well limit them in their proof at the trial. The exact import of the first interrogatory is apparent by a contrast with the third interrogatory as to which no objection is made. The third interrogatory requested the "names and addresses of the persons who have knowledge of the facts alleged in the complaint." The first interrogatory then seems not directed to the ascertainment of any facts in the knowledge of or available to the plaintiff, but rather solely to a present determination of the specific persons by whom relevant facts may be later proven by the plaintiffs.

The plaintiffs rely upon Cogdill v. Tennessee Valley Authority, D.C.Tenn.1947, 7 F.R.D. 411, 415, in support of their contention. The defendants urge that the cited case is opposed to the weight of authority and they rely mainly in support of the interrogatory upon the cases of Roth et al. v. Paramount Film Distributing Corporation et al., D.C.Pa.1945, 4 F.R.D. 302, and Smith, Kline & French Laboratories v. Lannett Co., Inc., et al., D.C.Pa.1943, 3 F.R.D 51. The Smith case, either in the above-cited opinion or at 2 F.R.D. 561, does not appear to be in point. The court in the Roth case [4 F.R.D. 304] does make the bald statement that "Under Rule 33 a party may interrogate for the names of witnesses" and cites in support thereof Whitkop v. Baldwin, D.C.Mass.1939, 1 F.R.D. 169. A reading of the Whitkop opinion clearly indicates that the interrogatories involved therein were not concerned with the names of trial witnesses as such. At a later point in the Roth opinion, however, there is a quotation from Kingsway Press, Inc., v. Farrell Pub. Corporation, D.C.N.Y.1939, 30 F.Supp. 775, 776, to the effect that "interrogatories may obtain disclosure of names and addresses of witnesses." A reading of the Kingsway opinion indicates that such statement was based upon 2 Moore's Federal Practice, pp. 2609–2620 wherein it is stated, at page 2620, "that the disclosure of the names and addresses of witnesses may be obtained under Rule 33, which permits discovery as broad in scope as discovery by deposition, which is governed by Rule 26(b), which expressly accords a right to the disclosure of 'the identity and location of persons having knowledge of relevant facts.'" Clearly the wit-

---

[1] All emphasis supplied unless otherwise indicated.

[2] Gutowitz v. Pennsylvania R. Co., D.C.Pa. 1945, 7 F.R.D. 144; Porter v. Central Chevrolet, Inc., D.C.Ohio 1946, 7 F.R.D. 86; Hickman v. Taylor, 3 Cir., 1945, 153 F.2d 212, 218; Brewster v. Technicolor, Inc., D.C.N.Y. 1941, 2 F.R.D. 186; Hydraulic Development Corporation v. Lake Erie, etc., D.C.N.Y. 1941, 2 F.R.D. 174; see also Pike & Willis, Federal Discovery in Operation, 7 U. of Chic.L.Rev. 297.

nesses referred to in Moore are not trial witnesses as such but rather relate to persons who have knowledge of relevant facts and who, in certain negligence cases, might be denominated as eye witnesses. Nothing appears in the Roth case to indicate the court was referring to trial witnesses. See also Moorman v. Simon, D.C.Mo.1947, 8 F.R.D. 328.

The Cogdill case, supra, relied upon by plaintiffs, does squarely hold that a party need not disclose the identity of trial witnesses as such and relies in support thereof upon Coca Cola Co. v. Dixie-Cola Laboratories, Inc., D.C.Md.1939, 30 F.Supp. 275. The latter case sustained an objection to an interrogatory requesting the identity of witnesses upon whose testimony the plaintiff would rely in proof of certain allegations in the complaint. There was an indication by the court that if the interrogator was seeking only the identity of persons known to the plaintiff in connection with those allegations of the complaint, then to that extent the interrogatory should be answered, but it was expressly held that the plaintiff was not bound to limit himself in the introduction of testimony to certain named witnesses. 30 F.Supp. 275, at page 280. The case clearly points out the distinction between the two types of witnesses as hereinbefore indicated.

An additional reason may well show the correctness of the conclusion here reached. While Hickman v. Taylor laid down extensive broad boundaries for discovery, yet, those boundaries have definite limitations. Under Rule 33 interrogatories must be directed only to parties and may be at an early stage of the case. The exact witness by whom a relevant fact may be proven at the trial must depend, after consideration of many questions, upon the judgment, discretion and mental processes of the legal counsel who will actively conduct the litigation. The conduct of the trial by the counsel with the subsequent mental determination of what precise witnesses are best available to prove a relevant fact should not be circumscribed by compelling a party to state, at any early stage, the trial witnesses to be later examined by counsel. As said in Hickman v. Taylor [67 S.Ct. 393], "Not even the most liberal

of discovery theories can justify unwarranted inquiries into the * * * mental impressions of an attorney," and again the cited case reiterates that counsel must be allowed to "plan his strategy without due and needless interference." Because interrogatory No. 3 is to be answered giving the names and addresses of the persons who have knowledge of the facts alleged in the complaint, and because interrogatory No. 1 relates solely to the names of witnesses to be subsequently called at the trial, so I think interrogatory No. 1 need not be answered.

[Objections to fourteen other interrogatories were disposed of, but such disposition involved no matter of general interest.]