**GROGAN v. PENNSYLVANIA R. CO.**

Civ. No. 4523.

United States District Court
W. D. New York.

Dec. 26, 1950.

Moule, Miles & Forhead, Buffalo, N. Y., for plaintiff.

Harold J. Adams and Percy R. Smith, Buffalo, N. Y., for defendant.

KNIGHT, Chief Judge.

Defendant has filed objections to plaintiff's Interrogatories Nos. 1 to 8, inclusive. Upon the argument of the motion it appears that plaintiff, an elderly woman, was traveling alone as a paying passenger on defendant's train from Washington to Buffalo, New York; that she was injured while being "transported" by the defendant; that her injuries were so severe that she was unable to care for her own affairs in the obtaining of witnesses; that she was removed in a wheel chair by defendant's employees from the train to an office of one of defendant's agents and after some questioning in the railroad office she was wheeled to and placed in a taxicab, and taken to her home. Being alone and unable because of her injuries to obtain the names and addresses of witnesses, plaintiff is now seeking that information.

The Interrogatories are to obtain the names and addresses of persons other than defendant's employees and agents who were in the room where plaintiff was when injured or in the car where plaintiff was a passenger and who have some knowledge of the accident. Under the circumstances plaintiff would be entitled to the information sought. Rules 33 and 26(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A.

In Walsh v. Pullman Co., D.C., 9 F.R. D. 107, 108, the court said: "Defendants concede that it lies within the discretion of the court to require them to disclose such information. Rule 26(b) expressly provides that discovery may be had concerning the identity and location of persons having knowledge of relevant facts."

In Canuso v. City of Niagara Falls, D.C., 4 F.R.D. 362, 364, the court, Knight, J., writing, said: "Each action should stand upon its own. The novelty and facts of the individual case must determine whether or not interrogatories should be granted."

In Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635, 636, the court said: "True, under Federal Rules of Civil Procedure, rule 26(b), 28 U.S.C.A., which governs the scope both of depositions and interrogatories, it is permissible to inquire into the identity and location of persons having knowledge of relevant facts, for the purpose of discovery."

See also: Moorman v. Simon, D.C., 8 F.R.D. 328; F. & M. Skirt Co. v. A. Wimpfheimer & Bro., D.C., 25 F.Supp. 898.

In the exercise of discretion in this action, the objections of the defendant are disallowed.