HARRY FRANKEL, Administrator of the Estate of Stanley Frankel, Deceased, v. SUSSEX POULTRY COMPANY, INC., a Delaware corporation.

*(February* 24, 1950.)

CAREY, J., sitting.

*Everett F. Warrington* for plaintiff.

*Howard W. Bramhall* for defendant.

Superior Court for Sussex County, No. 190, Civil Action, 1948.

CAREY, Judge.

This opinion is concerned only with interrogatories numbers one and three. Concerning the others, it will suffice to say that, in my opinion, they seek information pertinent to the issue or reasonably likely to lead to the discovery of relevant testimony. As to them, plaintiff's motion will be denied.

■ The defendant questions the adequacy of plaintiff's motion on the ground that it is too general. It is better practice to state specifically the reasons why interrogatories are considered improper rather than merely to aver that they are improper. *Boysell Co.* v. *Hale,* (D. C.) 30 *F. Supp.* 255. In the present case, however, several reasons make it desirable that I consider the objection made, notwithstanding its general nature.

Certain Federal cases hold that a party is entitled to learn the names of his opponent's witnesses before trial. *Roth* v. *Paramount Film Distributing Corporation,* (D. C.) 4 *F. R. D.* 302; *Whitkop* v. *Baldwin,* (D. C.) 1 *F. R. D.* 169; *Kingsway Press, Inc.,* v. *Farrell Pub. Corp.,* (D. C.) 30 *F. Supp.* 775; *Penn* v. *Automobile Ins. Co.,* (D. C.) 27 *F. Supp.* 336. Careful reading of these cases discloses that in some of them the Court was using the word "witnesses" not in the sense of trial witnesses but in the sense of eyewitnesses. This fact is pointed out in *McNamara v. Erschen,* (D. C.) 8 *F. R. D.* 427.

■■ In any event, for the reasons given by Judge Rodney in the McNamara case, the ruling of cases like *Cogdill* v. *Tennessee Valley Authority,* (D. C.) 7 *F. R. D.* 411; *Coca-Cola Co. v. Dixie-Cola Laboratories, Inc.,* (D. C.) 30 *F. Supp.* 275; *McNamara* v. *Erschen, supra; Aktiebolaget Vargos* v. *Clark,* (D. C.) 8 *F. R. D.* 635, will be adopted here. A party is not entitled to the names of

persons whom his adversary expects to use as witnesses in the trial, although he is usually entitled to the names of persons known to his adversary as having some knowledge of pertinent facts. Actually calling, or failing to call, any certain witness or witnesses at the trial is nothing more than trial strategy; the liberal rules generally permitting discovery of all admissible evidence, or information leading thereto, do not compel the prior revelation of an opponent's planned strategy in presenting his evidence.

██ ██ Interrogatories Numbers 1 and 3 are clearly improper under the foregoing rule and are not required to be answered by plaintiff. An order to this effect may be submitted.