14 N.J. Super. 231 (1951)
81 A.2d 512
ALBERT MUIR AND BESSIE G. MUIR, PLAINTIFFS,
v.
E. RUSSELL ANDERSON AND MARIE H. ANDERSON, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 24, 1951.
*232 Mr. Louis B. LeDuc, for the motion.
Mr. David L. Horuvitz, contra.
WOODS, A.J.S.C.
Certain interrogatories were served by the defendants upon the plaintiffs on October 11, 1950, and subsequently, on April 13, 1951, Mr. LeDuc, attorney for the defendants appeared before the court to move for an order requiring the supplying by the plaintiffs of sworn answers to interrogatories Nos. 2(f), 2(g) and 8. At the hearing, the plaintiffs' attorney did not contest the right to answers to interrogatories numbered 2(f) and 2(g) and agreed that the same should be supplied. Therefore, the only question *233 remaining for the court's determination is: Should the plaintiffs be compelled to answer defendants' interrogatory No. 8 which reads as follows: "Supply the names and addresses of all witnesses whom plaintiffs propose to call at the trial of this cause."
The court is of the opinion that the form of this question is objectionable. Under the provisions of Rule 3:26-2, the examining party is given the right to propound questions "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including * * * the identity and location of persons having knowledge of relevant facts." If, by the aforesaid question, the defendant seeks merely information as to the names and addresses of the witnesses known to the plaintiffs to have knowledge of relevant facts, then to that extent the interrogatory should be answered. However, the plaintiffs will not be compelled to give the names and addresses of all witnesses upon whom they propose to call at the trial of this cause. They cannot be bound to limit themselves in the introduction of testimony to certain named witnesses, and they cannot be asked in advance to use certain designated witnesses. "A party is entitled to information of relevant facts within knowledge of his adversary and of the names of persons who have knowledge of such facts, but is not entitled to the names of witnesses by whom the facts will be subsequently proven." General Motors Corp. v. California Research Corp., 8 F.R.D. 568. The federal courts have so held in numerous decisions on questions arising under Federal Rule 33 from which our Rule 3:33 is derived. See Cogdill v. Tennessee Valley Authority, 7 F.R.D. 411 (D.C. Term 1947); F. & M. Skirt Co. v. A. Wimpfheimer & Bro., 25 F. Supp. 898 (D.C. Mass. 1939); Aktiebolaget Vargos v. Clark, 8 F.R.D. 635 (D.C.D.C. 1949); McNamara v. Erschen, 8 F.R.D. 427 (D.C. Del. 1948); Coca Cola Co. v. Dixi-Cola Laboratories, Inc., 30 F. Supp. 275 (D.C. Md. 1939).