28 N.J. Super. 425 (1953)
100 A.2d 775
WHITE TOWER MANAGEMENT CORPORATION, PLAINTIFF,
v.
ERIE MAIN CORPORATION, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 12, 1953.
*426 Mr. S. Lewis Davis for plaintiff (Messrs. Starr, Summerill & Davis, attorneys).
Mr. W. Louis Bossle for defendants.
HANEMAN, J.S.C.
The plaintiff here moves under Rule 4:23-8 to strike out numerous interrogatories propounded by the defendants. The primary suit is one alleging, inter alia, fraud, and the defendants herein seek to elicit, by these interrogatories, the particulars thereof.
These interrogatories are all more or less in the same form. Basically, each reads as follows:
"Set forth all the facts, details and particulars upon which you base your claim as stated in paragraph 2 of your complaint, and on which you will rely at the trial that * * *" (Italics supplied).
The italicized portion is that to which particular objection is made.
The purported purpose of that portion of the questions to which objection was made, was to require plaintiff to advise of any facts, details and particulars as might come to its attention subsequent to the filing of the answers to interrogatories.
The defendants argue that although Rule 4:23-12 apparently requires the interrogated party to disgorge such subsequently discovered evidence, the language employed in Atlantic Northern Airlines, Inc. v. Schwimmer, 12 N.J. 293 *427 (Sup. Ct. 1953), makes it questionable whether such result would follow unless the adversary were fairly apprised of such intention in the original interrogatory. The court there said as follows:
"Error is also assigned upon the admission of evidence at defendant's instance from four witnesses not named in response to a demand by plaintiff purportedly made under Rule 3:26-2, now superseded by Rule 3:16-2, providing for the disclosure of `the identity and location of persons having knowledge of relevant facts.'
It would seem that a demand couched in these terms would not, without more, call for the identification of witnesses upon whom the adversary party intends to rely on the trial, under pain of a loss of their testimony. Vide Frankel v. Sussex Poultry Co., 6 Terry 264, 45 Del. 264, 71 A.2d 754 (Super. Ct. 1950); and the interpretation of comparable federal rules in Fidelis Fisheries, Inc. v. Thorden, 12 F.R.D. 179 (D.C.N.Y. 1952), and in McNamara v. Erschen, 8 F.R.D. 427 (D.C. Del. 1948). Compare Evtush v. The Hudson Bus Transportation Co., 7 N.J. 167, 27 A.L.R.2d 731 (1951). There, inquiry was made for the names of then known `eyewitnesses' to an accident; and the response was false. Here, the question was: `What other witnesses do you intend to produce?' and the answer was: `There may be others, but I don't have knowledge of them at this moment, the reason being I have been quite detached from this thing. I have been chasing around, and been quite busy, and gave no attention or time to this at all.'
It is not suggested that there was a design to mislead. The answer indicated a disclosure of the witnesses whom defendant then intended to call to the stand; and subsequent interrogation and a colloquy between counsel made it plain that the particular answer was not to be deemed a bar to `witnesses that might be discovered at a subsequent date.' Mala fides is not shown nor charged. It was not to be expected that defendant had then made full preparation for trial and was aware of the witnesses he would need in defense; nor was he under any obligation to be so advised at that stage of the proceedings. And the testimony in defense would in substantial measure depend upon the case made by plaintiff. But it is urged there was a duty of disclosure at some time before `the actual production of the witnesses.' The rule does not so provide. Capone v. Norton, 8 N.J. 54 (1951)."
This opinion was rendered prior to the promulgation of R.R. 4:23-12, which reads as follows:
"4:23-12. If the party furnishing answers to interrogatories shall obtain information subsequent to the pretrial conference which renders such answers incomplete, amended answers shall be served *428 not later than 10 days prior to the day fixed for trial. Thereafter amendments may be allowed only for extraordinary or compelling reasons and to prevent manifest injustice, and upon such terms as the court may direct. In no case shall amendments be allowed at the trial where it appears that the evidence sought to be introduced was known to the party seeking such leave, more than 10 days prior to trial."
This rule is self-executing and requires no implementation by the use of words in the original interrogatory seeking such further information. It operates automatically in every case where interrogatories are served.
In addition, plaintiff is not required to limit itself to the facts, details and particulars upon which it intends to rely upon the trial, nor to guarantee that it will rely upon all of the facts within its knowledge. The plaintiff cannot be bound in advance to limit himself to the facts, details and particulars upon which he intends to rely, nor to assure the defendant that he will rely on all such facts, details and particulars. The defendant is entitled merely to a statement of such facts as exist. Muir v. Anderson, 14 N.J. Super. 231 (Ch. Div. 1951).
The motion will be granted.