**Alonzo Hansel and Ruth Hansel, Plaintiffs-Appellants, v. George K. Friemann, Defendant-Appellee.**

Gen. No. 62-O-12.

Fourth District.

December 12, 1962.

Rehearing denied January 19, 1963.

260

Eldon M. Durr, of Edwardsville, for appellants.

Reed and Armstrong, of Edwardsville, for appellee.

HOFFMAN, JUSTICE.

This action grows out of a motor vehicle collision occurring on State Route 143 near Edwardsville. The plaintiffs charged the defendant with the negligent operation of his automobile and the defendant counter-claimed against the plaintiffs charging negligence in the operation of their automobile. The cause was tried before a jury which returned a verdict in favor of the defendant upon his counterclaim and judgment was rendered upon said verdict. From that judgment, this appeal is taken.

Although plaintiffs complain of many errors in their statement regarding the nature of the case, they only make and argue one point. Accordingly, under Rule 7, the points not made and argued are waived.

The one and only point involved in this appeal is whether or not the court committed reversible error in permitting a witness, one Alice Daugherty, to testify for the defendant.

In January, 1959 plaintiffs, pursuant to the rule, served the following interrogatories upon defendant's attorney, Earl Hodges:

"(1)  Please give the names and addresses or otherwise identify and locate all persons, who to

261

your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of relevant facts pertaining to the allegations in the Complaint, whether pre-occurrence or post-occurrence.

"(2) In the future and prior to the trial of this cause will you furnish the names and addresses or otherwise identify persons purporting to have knowledge of relevant facts pertaining to the allegations in the Complaint as these persons become known to either you or your agents and attorneys?"

Attorney Hodges in September, 1959 answered interrogatory No. 1 by listing 9 persons, not including the aforesaid Alice Daugherty. Defendant's attorney answered the second interrogatory in the affirmative. In December, 1959 Attorney Hodges withdrew and defendant's present counsel took full charge. The name and address of the witness Alice Daugherty was never furnished plaintiff. During the trial, in April, 1961, the defendant called Alice Daugherty as a witness. The plaintiffs immediately objected to her testifying, on the grounds that her name had never been furnished in response to either interrogatory. The trial judge overruled the objection and permitted her to testify for the defendant.

The parties to this lawsuit were driving their respective automobiles on an east-west two lane concrete highway with a conventional center line. The collision occurred at the bottom of a hill near the end of a curve. The plaintiffs were traveling eastbound and the defendant, westbound. The plaintiff driver, Alonzo Hansel, testified that he first saw defendant's truck as it came over a hill to the east and that defendant was in his proper right hand lane at that time. He further testified that defendant stayed

262

in said lane until he was at least halfway down the hill and did not start to veer across the center line until the two cars were 100 feet apart. The defendant testified that he never veered from a straight course and was in his proper lane at the time of impact. He further testified that he passed an eastbound car prior to the collision. Alice Daugherty corroborated the defendant's testimony to the effect that she passed him prior to the impact, but she further testified that she did not see the collision nor did she see the defendant immediately before the collision. At the time the collision occurred, she stated that she had her back to the scene of the accident and was in fact at the top of the easternmost hill, some 700 feet away. She heard the collision, returned to the scene and was a post-occurrence witness to what she saw. In this respect, her testimony was cumulative and corroborative as to what the defendant said and what other witnesses said. The one overriding factual question in the case is where the respective parties were with regard to the center line of the highway at the time of impact.

With respect to the point involved in this case, the plaintiff argues that the foregoing interrogatory No. 2 is continuing and that the defendant was required to furnish an answer thereto up to the time of trial. He further argues that the defendant is bound to give truthful answers to interrogatories and that both good faith and the spirit of the rule requires that a defendant see to it that his answers be truthful at the time of the trial as well as at the time the interrogatories are answered. The defendant argues that there is no legal duty upon a party to answer a continuing interrogatory, such as plaintiffs' interrogatory No. 2, that permitting a witness to testify is discretionary with the trial court, and that a judgment will not be reversed where plaintiffs failed to show that the name of the

witness was withheld intentionally and in bad faith and where the witness' testimony was merely cumulative and corroborative.

The real question in this case is whether or not the witness, Alice Daugherty, was competent to testify when she was called at the trial. This problem can be resolved without deciding whether or not it is permissible to submit a continuing interrogatory.

In a civil action the competency of a witness is governed by the Evidence Act, and no person is disqualified as a witness except as stated in said Act. (Ill Rev Stats 1961, c 51, sec 1, et seq.) The Act does not disqualify a witness whose name is withheld.

There have been cases decided by the Appellate Court of the First District wherein the question of an undisclosed witness's testifying was raised. These cases are: Granger v. Turley, 20 Ill App2d 488, 156 NE2d 610; Perez v. Baltimore & O. R. Co., 24 Ill App 2d 204, 164 NE2d 209; Reske v. Klein, 33 Ill App2d 302, 179 NE2d 415; and Battershell v. Bowman Dairy Co., 37 Ill App2d 193, 185 NE2d 340. In each of these cases the court suggested that not permitting such a witness to testify might be a proper discretionary sanction to impose under Supreme Court Rule 19–12 (3) for failure to list such witness in the interrogatory. This rule is as follows:

"If a party, or any person at the instance of or by collusion with a party, unreasonably refuses to comply with any provision of Rules 17 to 19–12, both inclusive, or Rule 22, or fails to comply with any order entered under said rules, the court may, on motion, in addition to remedies elsewhere specifically provided, order one or more of the following, as may be appropriate: That the party be nonsuited; that his complaint be dismissed; that all or any part of his pleadings be stricken and judgment rendered on the remaining plead-

ings in the case; that he be debarred from filing any other pleading; that he be debarred from maintaining any particular claim, counterclaim, third-party complaint, or defense respecting which discovery is sought; or that further proceedings be stayed pending compliance. In lieu of or in addition to the foregoing, the court may by contempt proceedings compel obedience by any party or person to any subpoena issued or order entered under said rules." (See Ill Rev Stats 1961, c 110, § 101.19–12(3).)

We do not believe that there is any authority in said rule to impose such a sanction. The sanctions specified do not include the exclusion of a witness whose name or address is withheld. (See dissent of Mr. Justice English in Roberts v. Hyland Builders Corp., 34 Ill App2d 276, 284, 181 NE2d 197, 201.)

We have examined into the law elsewhere. In 17 Am Jur, Discovery and Inspection, sec 64, it is stated:

"Where a party may be required to reveal the names and addresses of witnesses, his failure to do so may result in the exclusion of their testimony, or, conceivably, in deferring its reception until the objecting party can interview the witness and verify his story."

An annotation in 27 ALR2d 737, as supplemented, suggests that a few of our sister states, New Jersey in particular, have taken the position that a trial court has the implied power to prevent a witness from testifying when his name and address have been withheld.

We are mindful of the fact that our Supreme Court rule 19–4 was fashioned in part after Federal Rule 26(b) and that under Federal Rule 33, interrogatories to a party may relate to any matters which can be inquired into under said rule 26(b). Further, we know

265

there have been determinations made in the federal courts, based upon such rules, that undisclosed witnesses may be barred from testifying. (See, for example, Newsum v. Pennsylvania R. Co., 97 F Supp 500.) But we point out that the federal rule, which grants somewhat similar sanction authority as our Supreme Court rule, commences with the words, "The Court may make such orders in regard to the refusal (to obey an order) as are just, and among others the following:" Fed Rules Civ Proc rule 37(b)(2), 28 USCA. We do not find this wording in our Supreme Court rule.

■ Because we do not find anything in the Evidence Act which disqualifies such a witness from testifying, and further do not find that the injured party may disqualify such witness by any other "remedies elsewhere specifically provided," as set forth in Rule 19-12(3), we hold that such witness's right to testify is established by the Evidence Act and is subject only to such rules as may be necessary to enable the opposition to protect itself from surprise and to insure the fairness of the trial. Such protective methods are in common use in many trial courts and are promulgated under the trial judge's broad discretionary power to insure a fair, just and orderly trial.

■ When a litigant is properly surprised by a witness whose name and address should have been furnished him, the court should, in its discretion, recess the hearing, or continue it for such time as will be reasonably necessary to allow the surprised party to interview the witness or verify his story. In the event that it appears to the court that substantial injustice would be done by allowing the witness to testify, or if it appears that the offended party would have chosen different jurors or procured other evidence, it may even be proper for the court to declare a mistrial. This approach, we feel, will allow for the

elimination of the surprise, and will still permit the witness's ultimate testimony and thus further the policy of presenting before the trier of facts all of the truth which may be obtainable. However, what we say should not suggest that a party may now ignore the command of an interrogatory to list witnesses' names and addresses for the sanction of contempt is very explicit in our rule.

Applying the foregoing reasoning to the facts here, we find that witness Alice Daugherty was not an eyewitness to the collision and her testimony was corroborative and cumulative at best. We further find that plaintiffs, if they were surprised when she was called, should have so advised the court and requested a recess or continuance so that they could interview her and apprise the court of how materially their case was jeopardized. This they failed to do. Moreover, after her direct evidence was given, plaintiffs cross-examined her without further objection.

We conclude that the trial judge did not abuse his discretion in permitting the witness Alice Daugherty to testify and we affirm the result.

Affirmed.

SCHEINEMAN, P. J. and CULBERTSON, J., concur.