Nils M. MAGELSSEN, Plaintiff,

v.

LOCAL UNION NO. 518, OPERATIVE PLASTERERS' AND CEMENT MASONS' INTERNATIONAL ASSOCIATION, Defendant.

Civ. A. No. 14108–4.

United States District Court
W. D. Missouri, W. D.

April 9, 1963.

Swanson, Midgley, Jones, Blackmar & Eager, by Donald H. Loudon, Kansas City, Mo., for plaintiff.

McCullough, Parker & Wareheim, by M. J. Carpenter and W. L. Parker, Jr., Topeka, Kan., Ben E. Pener, Kansas City, Mo., for defendant.

BECKER, District Judge.

This cause is before the Court on defendant's application for an order requiring plaintiff to answer defendant's interrogatories.

Interrogatory No. 1 requested the plaintiff to "State the names and addresses of every witness you expect to use in the trial of this case." This interrogatory is improper in this form according to the weight of reported authority. 4 Moore, Federal Practice ¶ 33.21, p. 2321 and ¶ 26.19[4], pp. 1247–56; 2A Barron & Holtzoff, Federal Prac-

tice and Procedure § 650, pp. 90–93 and § 766, pp. 305–06. A proper interrogatory seeking this information should be cast in the language of Rule 26(b) of the Federal Rules of Civil Procedure and should request the plaintiff to state "the identity and location of persons having knowledge of relevant facts." Reneau v. Panhandle Eastern Pipe Line Co. (W.D. Mo.) 12 F.R.D. 257.

■■ Interrogatory No. 2 requested the plaintiff to "Itemize, list, and describe fully each and every item of documentary evidence which you have in your possession and intend to use as evidence in the trial of this case." This interrogatory is improper. The defendant may by written interrogatory inquire as to "the existence, description, nature, custody, condition, and location of any books, documents, and other tangible things" which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b). 4 Moore, Federal Practice ¶ 33.22, p. 2321, ¶ 34.05, p. 2437. But a party may not be required, in answer to an interrogatory, to list items of evidence which he intends to use at the trial. 2A Barron & Holtzoff, Federal Practice and Procedure § 766, pp. 301–03.

In accordance with the practice of this Court, provision eventually will be made by pre-trial order for a listing of all exhibits to be offered in evidence at the trial by each party, except those to be used solely for impeachment, and a copy of said list will be ordered served upon all parties to the action. This will be done whether any revised interrogatories are filed or not. But in the meantime defendant may employ Rule 33 as outlined above.

■ Interrogatory No. 3 requested the plaintiff to "Set out in detail the elements of plaintiff's damages." As part of his answer to this interrogatory the plaintiff lists the " * * * loss of an opportunity for a permanent, guaranteed, at least 40-hour a week job, in the position and pay scale of foreman * * *." The defendant contends that this answer is unresponsive as it " * * fails to state who offered such job." Plaintiff's answer sets out in sufficient detail this element of damage. If defendant desires to be informed of the identity of the offeror, it may obtain this information by additional and specific discovery procedures.

■ Interrogatory No. 6 requested the plaintiff to "State to whom you announced your intention of running for the office of business representative." The plaintiff's reply states that the announcement was made to a group of the members of defendant local gathered informally in the Sky-High Tavern, 5917 Prospect, Kansas City, Missouri, on or about May 7, 1962. The defendant contends that this answer is unresponsive. The plaintiff in his suggestions in opposition to the defendant's application states that he has fully answered the interrogatory because "Plaintiff does not know all of the members of such group. Further said group changed in composition during the evening * * *." This interrogatory is clearly a proper one. Plaintiff's answer is not in sufficient detail. The plaintiff will be required to furnish by supplemental answer such of the names of individuals constituting the group at the time he made the announcement as are within his knowledge or are within the knowledge of his counsel, agents or representatives hired by him and under his control. 4 Moore, Federal Practice ¶ 33.26, p. 2334; 2A Barron and Holtzoff, Federal Practice and Procedure § 768, p. 329. It is therefore

Ordered that the defendant's application for an order requiring plaintiff to answer Interrogatories No. 1, 2, and 3 be, and the same is hereby, denied. It is further

Ordered that the defendant's application for an order requiring plaintiff to answer Interrogatory No. 6 be, and the same is hereby, granted, and that the plaintiff be, and he is hereby, required to file within 15 days a supplemental an-

swer to defendant's Interrogatory No. 6 as set out hereinabove.

If the defendant files the appropriate interrogatories described herein in lieu of Interrogatories No. 1, 2, and 3, the plaintiff will be required to answer them.