Betty A. Simmons, Plaintiff-Appellee, v. Ralph N. Budelman Excavating Company and Thomas Kovel, Defendants-Appellants.

Gen. No. 51,421.

First District, Third Division.

April 20, 1967.

Vogel & Vogel, of Chicago (L. H. Vogel, Robert C. Vogel and Richard A. Walkovets, of counsel), for appellants.

Querry, Harrow, Gulanick & Kennedy, of Chicago (James J. O'Hagan, of counsel), for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

Plaintiff was injured on May 12, 1959, when a truck struck the rear of the automobile she was driving. The defendant, Ralph N. Budelman Excavating Company, was

the owner of the truck and defendant, Thomas Kovel, was the operator of the truck and an employee of the excavating company.

Interrogatories were served upon the plaintiff on August 20, 1964. Answers were subsequently filed to the interrogatories on October 7, 1964. A witness, Wesley Simmons, was not listed by plaintiff as a person present at the scene of the occurrence, or as one having information concerning the circumstances surrounding the alleged occurrence. From the record it does not appear that Wesley Simmons, who is the husband of the plaintiff, was an occurrence witness.

On December 7, 1965, supplemental interrogatories were filed which sought the names of persons having knowledge of facts in issue. The interrogatories of December 7, 1965, were not answered by the plaintiff, but, again, it would appear from defendants' brief that objections to these last interrogatories were filed on January 10, 1966, and that no ruling upon these objections was had or asked for by either the plaintiff or defendants. The answers filed to the original interrogatories of October 7, 1964, merely gave the name and address of Wesley Simmons in answer to a question as to who owned the car which was driven by the plaintiff at the time of the accident. At the trial plaintiff called this witness to testify and he was permitted to testify to plaintiff's previous condition of well-being and her condition subsequent to the accident. Wesley Simmons is plaintiff's husband.

The case was submitted to the jury on the issue of damages only, the defendants having admitted liability.

The defendants contend that it was error for the trial court to permit Wesley Simmons to testify, and that it was prejudicial error to permit plaintiff's attorney to read to the jury a document not in evidence.

The first question presented to us is whether it was an abuse of the trial court's discretion to permit Wesley Simmons to testify.

■ It has been held that it is within the discretion of the trial judge to determine from the circumstances of each case that which constitutes compliance or non-compliance with Supreme Court Rule 19–11, (Ill Rev Stats 1965, c 110, par 101.19–11), and to determine what sanctions, if any, shall be imposed. Reske v. Klein, 33 Ill App 2d 302, 179 NE2d 415.

The plaintiff's testimony covered the extent of her injuries, her absence from work as a result thereof, her pain and suffering, and her limited ability to do housework, in detail.

■ Wesley Simmons, her husband, testified that he lived at 2 S. 070 Valley Road, Lombard; that the plaintiff is his wife, and they have been married about eighteen years. Without specialized knowledge, he observed his wife's physical condition before the accident and it was perfectly normal, as far as he could see. After the accident she was pretty well bruised up and ached for three or four years, "some place in there." There were a lot of things she did before the accident which she could do only in a limited way after the accident, but she still did things around the house. She watched herself as to what she could do and "I helped her."

This testimony had been completely covered far more in detail by the plaintiff.

In the case of Granger v. Turley, 20 Ill App2d 488, 156 NE2d 610, the trial court permitted a witness to testify although his name was not included in the plaintiff's answer to defendants' interrogatories. The court in that case, on page 491, said:

> "In our opinion, this evidence was merely cumulative. Assuming without deciding that it was error to admit this testimony, it was not reversible error because this testimony was corroborated by other witnesses."

367

Furthermore, when the defendants objected to the calling of Wesley Simmons as a witness, the court said: "That's what I mean—before he goes on if you want to ask for any additional time." The trial judge, no doubt, was prepared to give the defendants as much time as they desired to question this witness, or even to continue the matter for a limited time, so that the defendants would not be taken by surprise.

In Miksatka v. Illinois Northern Ry. Co., 49 Ill App2d 258, 199 NE2d 74, a case involving a situation similar to the one before us, the court on page 264 said:

> "Since the trial court recessed the trial overnight to give the plaintiff an opportunity to talk with Kilcoyne prior to his taking the stand, plaintiff cannot claim surprise and the court did not abuse its discretion in this regard. Wright v. Royse, 43 Ill App2d 267, 193 NE2d 340; Hansel v. Friemann, 38 Ill App 2d 259, 187 NE2d 97."

When the trial court offered to give the defendants additional time before putting this witness on the stand, and the defendants did not request any additional time or postponement, it cannot be said that the trial court abused its discretion in permitting this witness to testify. Furthermore, it was only one interrogatory, in the second set of interrogatories which had been filed by the defendants, which would have required the listing of the name of Wesley Simmons, and those interrogatories had been objected to and not answered. In the first set of interrogatories, however, Wesley Simmons was listed and his address given in answer to the question submitted as to the ownership of the car which was driven by the plaintiff at the time of the accident.

The second point raised by the defendants is that it was prejudicial error to permit the attorney for the plaintiff to read to the jury a document not in evidence. In support of this the defendants cite Smith v. Johnson, 2 Ill

App2d 315, 120 NE2d 58, and Paliokaitis v. Checker Taxi Co., 324 Ill App 21, 57 NE2d 216. In the Smith case, supra, the court held it was error for the defendant's counsel to challenge plaintiff, in the presence of the jury, to introduce the police report into evidence, since the police report was clearly inadmissible, and defendant's insistence that it be received in evidence had been repeatedly condemned. In the Paliokaitis case, supra, plaintiffs offered in evidence copies of accident reports made by the police officers. The court there held that the offer of documents was improper because they contained only that which the officers knew about the accident, which they had learned after they arrived at the scene.

Defendants also cite Bulleri v. Chicago Transit Authority, 41 Ill App2d 95, 190 NE2d 476, which held that it was not within the court's discretion to permit over objection the reading to the jury from an unproven transcript.

In this case the plaintiff contends that no document was read to the jury in final argument. In his closing argument the attorney for the plaintiff said, according to the abstract of record herein, "She had to go to her doctor to get an up-to-date report. In his report in 1959, which he told you about, his diagnosis then was she incurred trauma to the back with possible injury to the lumbosacral disc manifested by the irritation of the first sacral nerve on the right side." During this statement an objection was made and was overruled. The defendants argue that plaintiff's attorney was reading from the doctor's medical report which was not in evidence. However, the doctor had testified as to the condition of plaintiff's back. The portion of the argument objected to was "she incurred trauma to the back with possible injury to the lumbosacral disc manifested by the irritation of the first sacral nerve on the right side." The testimony of the doctor on direct examination was as follows: "She also incurred injury to the back with possible injury to the

369

lumbosacral disc manifested by irritation of what I felt was the first cervical nerve root on the right side."

During the oral argument of this case before us plaintiff's attorney admitted that he had notes in his hand during the argument before the jury, and his purpose was to be as nearly accurate as possible in describing the testimony of the doctor who had treated the plaintiff. From the record before us we cannot say whether the plaintiff's attorney was reading from the doctor's report, or what papers he may have held in his hands during the closing argument. The doctor's report, according to the argument of the plaintiff, was a three page medical report. The portion of the argument objected to covered three printed lines which conform to the testimony of plaintiff's doctor, as shown above. There was nothing in this portion of the argument which did not substantially conform to the testimony given by the doctor. It is also pointed out that, while the trial judge was in a better position to determine whether counsel was reading from a doctor's report than is this court, at the trial and on the hearing of defendants' post-trial motion, the trial court did not apparently agree that any doctor's report had been read to the jury by plaintiff's counsel.

For the foregoing reasons the judgment of the trial court must be affirmed.

Affirmed.

SCHWARTZ and DEMPSEY, JJ., concur.