**EMPLOYERS MUTUAL LIABILITY IN-SURANCE COMPANY OF WISCON-SIN, Appellant,**

v.

**Ocie V. BUTLER, Appellee.**

No. 8215.

Court of Civil Appeals of Texas, Texarkana.

May 7, 1974.

Rehearing Denied May 21, 1974.

Victor F. Hlavinka, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellant.

Sherman Kusin, Harkness, Friedman & Kusin, Texarkana, for appellee.

CORNELIUS, Justice.

In this workmen's compensation suit the jury found that appellee was totally and permanently disabled as the result of an injury sustained on his job on March 6, 1972. The question to be determined on appeal is the propriety of the trial court's action when it refused to allow appellant to have one of its witnesses testify at the trial because such witness had not been included in the list of witnesses which the court had compelled appellant to give appellee at the time the voir dire examination of the jury panel was conducted. We have concluded that such action of the trial court was an abuse of its discretion which requires a reversal of this cause.

Appellee's counsel did not use the pretrial discovery procedures allowed by the Rules of Civil Procedure to discover the names of appellant's witnesses in advance of the trial, but at the beginning of the voir dire examination of the jury panel he orally requested appellant's counsel to name the witnesses he intended to use in the trial. Appellant's counsel at first refused the request but was then ordered by the trial court to supply such information. In response to the court's order, appellant's counsel named several persons who would be used as witnesses. He added that there would also be a witness from Boise Cascade (appellee's employer) and that he believed his name was McCommas. Well into the trial, during the presentation of its defense, appellant offered the wit-

ness Marvin Higginbotham rather than McCommas. Both were employees of Boise Cascade. Upon appellee's objection on the ground that he did not know that Mr. Higginbotham would be a witness and thus did not question the jury panel on voir dire about possible relationships with that witness, the trial court refused to allow Mr. Higginbotham to testify. In explaining his use of Mr. Higginbotham instead of Mr. McCommas, appellant's counsel stated that his intention was to use the supervisor at Boise Cascade who supervised the appellee when he returned to work after the injury. He further stated that a representative of his client had informed him that the supervisor was McCommas, but that the representative had just recently discovered and informed appellant's counsel (after voir dire) that the supervisor was Higginbotham rather than McCommas. Upon questioning by the trial court, appellant's counsel admitted that he knew at the time the voir dire was conducted that Mr. Higginbotham was a *potential* witness, but insisted that he only intended to call appellee's supervisor, whom he thought at the time was Mr. McCommas, but who was actually Mr. Higginbotham. These assertions were not challenged by appellee when made at the trial or in the brief.

■ Until recently in our practice the right to discover the identity of a party's witnesses, mentioned only in Rule 186a, was largely ineffective because of exceptions contained in the rule. 46 Tex.Law Rev. 214, Discovery of The Names of Witnesses and Potential Parties; Ex parte Ladon, 160 Tex. 7, 325 S.W.2d 121, (1959); Ex parte Hanlon, 406 S.W.2d 204 (Tex. Sup.1966). Recent amendments to that and other rules now clearly permit, with certain limitations the discovery of "persons, including experts, having knowledge of relevant facts." See Rules 167, 168, 170, 186a and 215a. There is a recognized distinction, however, between "persons having knowledge of relevant facts" and "witnesses who will be called [to testify]

at the trial." Griffin v. Memphis Sales & Mfg. Co., 38 F.R.D. p. 54 (D.C.Miss., 1965); Magelssen v. Operative Plasterers' & Cement Masons' International Ass'n., 32 F.R.D. 464 (D.C.Mo.1963); Frankel v. Sussex Poultry Co., 6 Terry 264, 71 A.2d 754 (1950). According to the great weight of authority, pre-trial rules such as ours which permit the discovery of "persons having knowledge of relevant facts" (fact witnesses), do not authorize compelling a party to reveal the witnesses he expects to call at the trial (persons by whom he expects to prove his cause of action). Anno. 19 A.L.R.3d 1114; 2A Barron & Holtzoff, Federal Practice & Procedure, Sec. 766, and cases there cited; Bell v. Swift & Company, 283 F.2d 407 (CA 5th 1960); Wirtz v. Continental Finance & Loan Co., 326 F.2d 561 (CA 5th 1964); State ex rel. Gray v. Jensen, 395 S.W.2d 143 (Mo.Sup. 1965); Atlantic Northern Airlines, Inc., v. Schwimmer, 12 N.J. 293, 96 A.2d 652 (1953); Muir v. Anderson, 14 N.J.Super. 231, 81 A.2d 512 (1951); Poulson v. Gamble, 197 Pa.Super. 300, 178 A.2d 839 (1962); United Ben. Life Ins. Co. v. Schott, 296 Ky. 789, 177 S.W.2d 581 (1943); Frankel v. Sussex Poultry Co., supra. Various reasons have been advanced in the cases for this rule. It has been suggested that the forced revelation of the witnesses counsel expects to use at the trial would violate the "work product" exemption recognized by almost all discovery rules, because counsel's decision in this respect is actually a part of his trial strategy. McNamara v. Erschen, 8 F.R.D. 427 (D. C.Del.1948), citing the authority of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947); Frankel v. Sussex Poultry Co., supra. It has also been mentioned that a contrary interpretation would be difficult to equitably enforce, as so many unpredictable and uncontrollable circumstances dictate the use or non-use of a witness at the trial which do not affect the identity of "persons having knowledge of relevant facts." Fidelis Fisheries, Ltd. v. Thorden, 12 F.R.D. 179 (D.C.N.Y.1952); Kyker v. Malone Freight Lines, Inc., 17 F.R.D. 393 (D.C.Tenn.1955); Central Hide & Rendering Co. v. B–M–K Corp., 19 F. R.D. 294 (D.C.Del.1956).

■ We have been unable to find a Texas case on this exact point, but cases in the federal system are abundant, and as the Texas pre-trial discovery rules are derived from the federal rules, there seems to be no reason why a different interpretation should prevail in our practice. See Wright v. Wright, 154 Tex. 138, 274 S.W.2d 670 (1955). Even if the Texas discovery rules authorize the forced revelation of the witnesses by whom a party expects to prove his case, as distinguished from persons having knowledge of relevant facts, the coercive measures given by those rules to the trial court to enforce the discovery, such as *the exclusion of items of proof* or the dismissal of the action, are applicable only to pre-trial proceedings, and they are not applicable to orders made in the course of the actual trial. American Central Insurance Co. v. Texhoma Stores, Inc., 401 S.W.2d 593 (Tex.Sup.1966).

Therefore, if the trial court has the power to compel a party to reveal *the witnesses he expects to use in the trial* and restrict such party to the witnesses named, it appears that such power must be found in its common law power or in its broad trial discretion, and not in these rules. We do not find it necessary to decide this narrow question, however, because of the circumstances existing in the case at bar.

■■ It is not only customary in many courts, but it is a part of sound advocacy for counsel to question prospective jurors as to their relationships and acquaintances with persons who might be witnesses at the trial, so that peremptory challenges may be intelligently made. Gonzales v. Texas Employers' Insurance Ass'n., 419 S.W.2d 203 (Tex.Civ.App. Austin 1967, no writ). But in the case at bar, appellee's counsel could have easily obtained the names of all of appellant's potential witnesses well in advance of the trial by use of the rules which permit the discovery of the identity of all

persons having knowledge of relevant facts. Had he done so, the information secured thereby would have necessarily included the names of all witnesses who might or could be used at the trial, and on voir dire he could have questioned the panel members on the basis of such information. Having failed to use the authorized discovery procedures available to him to secure the names of such witnesses, appellee's counsel should not have been permitted to suddenly spring the demand upon appellant's counsel at voir dire, and thus force him to irrevocably commit himself to the use of specific witnesses, on the pain of being denied the use of any witness he failed to name at that time. Especially severe is such a denial of the use of a witness where, as here, appellant's counsel apparently attempted to identify the witness by his capacity or position but was in error as to his name. Furthermore, the trial court had other measures it could have used which would have been more appropriate under the circumstances. It could have allowed the jurors to be examined as to their acquaintance with Higginbotham. If none was acquainted with him, Higginbotham could have been allowed to testify and appellee would not have been prejudiced. On the other hand, if any juror revealed any matter related to Higginbotham which might have prompted appellee to exercise a peremptory challenge had it been known at voir dire, the court could have ordered a mistrial which would have been less harsh than depriving appellant of part of its case. See Hansel v. Friemann, 38 Ill.App.2d 259, 187 N.E.2d 97 (1962). If the trial court felt that appellant's counsel had in bad faith deliberately misled the court, the use of the contempt power of the court would have been preferable and more equitable than punishment of the *litigant* by taking away an essential portion of its defense. See Texhoma Stores, Inc., v. American Central Ins. Co., 398 S.W.2d 344 (Tex.Civ.App. Tyler 1966, er. ref'd, n. r. e. 401 S.W.2d 593), and Sears, Roebuck & Co. v. Hollingsworth, 156 Tex. 176, 293 S.W.2d 639 (1956). Under the peculiar facts of this case we are compelled to conclude that the trial court abused its discretion in refusing to allow the witness Higginbotham to testify.

It remains to be determined if the action of the trial court was prejudicial, or only harmless, error. The central issue in this case was whether or not the appellee was totally and permanently disabled. In its bill of exceptions, the appellant elicited testimony from Higginbotham that he knew and observed appellee's work before the injury, as well as when appellee returned to work after the injury, under his supervision. He testified that after the injury and the return to work the appellee was heavier, was healthier looking, was jolly, and " . . . all around, the best forklift operator that ever cranked one up . . . " He testified that appellee told him after going back to work that "he had never felt better in his life." He also testified about appellee's alleged drinking problem. The evidence about the drinking problem was cumulative of that given by the witness Thedford, but the other testimony of Higginbotham to the effect that the appellee looked better, heavier, and healthier than before the injury, and was a superior worker, and the admission by appellee that he never felt better in his life, were not testified to by any other witness. Appellant's doctor had previously testified that in his opinion the appellee was not disabled when he returned to work, but that testimony cannot be said to be cumulative of the testimony of Higginbotham, especially those portions about the quality of appellee's work and the admission that he never felt better. As the question of whether appellee was totally and permanently disabled was the main issue in the case, and the jury found that he was totally and permanently disabled, we believe it is obvious that the exclusion of the witness Higginbotham cannot reasonably be said to have been harmless error under the provisions of Rule 434 Vernon's Anno. Tex.R. Civ.P.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.