**W.R. MAHAN, Relator,**

v.

**Honorable Earl B. STOVER,
Respondent.**

No. 09 84 332 CV.

Court of Appeals of Texas,
Beaumont.

Oct. 16, 1984.

Rehearing Denied Nov. 6, 1984.

Jimmy W. Nettles, Beaumont, for relator.

John Kinney, Woodville, for respondent.

OPINION

McNICHOLAS, Justice.

W.R. Mahan, Relator, filed a Petition for Writ of Mandamus seeking relief as the

result of the actions of the Respondent, Honorable Earl B. Stover, District Judge, 88th Judicial District.

Judge Stover, in response to a request for a protective order by one Jerry Mahan, issued a protective order and a subsequent order clarifying said protective order which, in effect, required relator to deposit in cash the sum of $600.00 in the event relator attempted to take the depositions, either written or oral, of expert witnesses of Jerry Mahan, to-wit, Karen Bates or George Chaney; and, to deposit an additional $600.00 in cash in the registry of the court for each day the depositions of either witness were to be taken.

Jerry Mahan filed suit against W.R. Mahan, a/k/a William Robert Mahan, et al, in the District Court of Tyler County, which is in Woodville, Texas, said suit bringing into issue the validity of signatures on written instruments. The plaintiff Jerry Mahan had employed two "questioned document" experts, Karen Bates and George Chaney, to testify in his behalf at the trial on the merits. These experts resided in Dallas, Texas.

Relator sought to take the depositions of the two experts by written questions in Dallas, Texas (admittedly more than 100 miles from Woodville, Texas) pursuant to *TEX.R.CIV.P. 201* and tendered a one dollar witness fee and travel expenses to the designated place where the questions would be propounded by a registered professional reporting firm. One of the experts advised a member of the reporting firm, upon receipt of the subpoena duces tecum, that she would be willing to appear and answer the interrogatories only if she received a check for $600.00 in advance.

Prior to the taking of the deposition, counsel for Jerry Mahan filed a motion for a protective order and on May 3, 1984, Judge Stover signed the order which refused to permit relator to take the depositions without first paying the experts a reasonable amount to be agreed upon between the expert and relator. This order was later clarified on July 13, 1984 requiring relator to deposit $600.00 in cash with the registry

of the court prior to the taking of the deposition and an additional $600.00 for each day the deposition was to be taken.

Relator's single point is the error of the trial court in entering the protective order, which requires the payment of $600.00 in advance by the party seeking to depose each expert witness. Relator asserts that it was an abuse of the trial court's discretion because there is no basis for such action under the law, and in effect, said action abolished *TEX.R.CIV.P. 208* "Depositions on Written Questions".

No issue is raised as to the reasonableness of the amount fixed by the trial court.

In support of relator's contention that the trial court has no such authority, he cites *TEX.REV.CIV.STAT.ANN. art. 3708* (Vernon 1926) which provides a witness fee of one dollar and six cents per mile for travel; *Armes v. Campbell*, 603 S.W.2d 249 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.) which holds the trial court's action in assessing as costs to plaintiff the fee of defendant's doctor subpoenaed by plaintiff was improper; *Taormina v. Culicchia*, 355 S.W.2d 569 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.) which denied an auditor's fees as costs; and, *Whitley v. King*, 581 S.W.2d 541 (Tex.Civ.App.—Fort Worth 1979, no writ) which denied a surveyor's fee as costs.

We are thus confronted with what we believe to be a case of first impression, that is whether or not with the adoption of *TEX.R.CIV.P. 166b*, effective April 1, 1984, the trial court is given the discretionary authority to issue the protective order in question.

The Texas pre-trial discovery rules are derived from the federal rules. *Employers Mutual Liability Insurance Company of Wisconsin v. Butler*, 511 S.W.2d 323 (Tex. Civ.App.—Texarkana 1974, writ ref'd n.r. e.). *FED.R.CIV.P. 26(b)(4)(C)* specifically grants the trial court authority to assess expert witness fees to the party seeking the discovery, to-wit:

Unless manifest injustice would result, (i) the court shall require that the party

seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under subdivisions (b)(4)(A)(ii) and (b)(4)(B) of this rule; and (ii) with respect to discovery obtained under subdivision (b)(4)(A)(ii) of this rule the court may require, and with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the later party in obtaining facts and opinions from the expert.

*Rule 166b(4)* of the Texas Rules of Civil Procedure provides:

4. PROTECTIVE ORDERS. On motion specifying the grounds and made by any person against or from whom discovery is sought under these rules, the court may make any order in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights. Specifically, the court's authority as to such orders extends to, although it is not necessarily limited by, any of the following:

    a. ordering that requested discovery not be sought in whole or in part, or that the extent or subject matter of discovery be limited, or that it not be undertaken at the time or place specified.

    b. ordering that the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court.

    c. ordering that results of discovery be sealed or otherwise adequately protected; that its distribution be limited; or that its disclosure be restricted.

■ Unlike the Federal Rule, no specific language is provided in our Texas Rules of Civil Procedure to authorize the trial court's action and it can be argued that, absent such language, the trial court has no such authority. But it can be argued

with equal force that the language of *Rule 166b(4)* is even broader and that the language of the rule which provides that "the court may make any order ... to protect the movant from ... unnecessary expense" and further "ordering that the discovery be undertaken ... upon such terms and conditions .. [as] directed by the court" authorizes the trial court to issue the protective orders in the instant case.

■ We are of the opinion that the language of *TEX.R.CIV.P. 166b(4)* is sufficiently broad and gives the trial court the discretionary power to act as he did. Indeed, we are in complete accord with the rationale and holding in *Werner v. Miller*, 579 S.W.2d 455, 457 (Tex.1979):

"This Court is concerned over the great loss of time and judicial resources through 'discovery gamesmanship' of both parties in this cause. However, we believe the supervision of the trial docket is properly left to the discretion of the trial judge. This Court does not have the time or the personnel to supervise the trial dockets of this state. It is primarily our function to review causes decided by the fourteen courts of civil appeals and not to stand behind the trial judges as an umpire to immediately second-guess the numerous decisions necessarily made by a trial judge during the course of a trial...."

It is also the primary function of this appellate court to review the judgments of the trial courts in the eleven counties that constitute the Ninth Supreme Judicial District of Texas. It would not be appropriate or practical for us to review and determine the multitude of various decisions that the busy trial courts must necessarily make from the filing date of the original petition to its final judgment.

We are also of the opinion that *TEX.R. CIV.P. 166b(4)* which relates to discovery is controlling as opposed to *TEX.REV.CIV. STAT.ANN. art. 3708* (Vernon 1926) "Fees of witnesses". These new rules of procedure adopted by our supreme court grant the trial court great discretion in the con-

duct of all litigation, including preliminary orders, and, accordingly, we hold that under *Rule 166b(4)* the trial court, subject to review for abuse of discretion, has the authority by way of a protective order to require one seeking the deposition of an expert witness to deposit into the registry of the court a reasonable fee prior to the taking of the deposition.

Relator's petition for writ of mandamus is DENIED.