**Patrice SCHUURMAN, et al., Plaintiffs,**

v.

**The TOWN OF NORTH READING, et al., Defendants.**

**No. 90–10692–WF.**

United States District Court, D. Massachusetts.

Sept. 26, 1991.

Sean Teehan, Patrick Teehan, Murphy & Beane, Boston, Mass., for plaintiffs.

Clive D. Martin, Steven P. Perlmutter, Harrison & McGuire, P.C., Boston, Mass., for defendants.

ORDER RE: PLAINTIFF'S MOTION FOR A PROTECTIVE ORDER AND TO QUASH SUBPOENA SERVED ON THE KEEPER OF THE RECORDS, OFFICE OF THE COMMISSIONER OF PROBATION (DOCKET ENTRIES ## 40 & 41)

MARIANNE B. BOWLER, United States Magistrate Judge.

This action, brought pursuant to 42 U.S.C. § 1983, arises out of a domestic dispute occurring at the home of two nonparties. Patrice and Vincent Schuurman ("plaintiffs") were arrested for trespass on

land after plaintiff Patrice Schuurman intervened in the dispute. The plaintiffs allege that defendant police officers Roger Wullerman, Carl Berg and Salvatore Nicosia violated their constitutional rights by arresting them without probable cause to believe a crime had been committed, and that defendant officer Hayes falsely or recklessly swore out a trespass complaint.

## BACKGROUND

On June 28, 1991, the defendants'[1] counsel served a subpoena *duces tecum* upon the Office of the Commissioner of Probation requesting production of the following documents:

1. All documents, records and/or communications evidencing or relating to criminal convictions of Vincent Charles Schuurman;

2. All documents, records, and/or communications evidencing or relating to sentences imposed on Vincent Charles Schuurman as a result of criminal convictions of Vincent Charles Schuurman;

3. All documents, records and/or communications evidencing or relating to criminal convictions of Patrice Pearl Schuurman or Patrice Pearl Sliby; and

4. All documents, records and/or communications evidencing or relating to sentences imposed on Vincent Charles Schuurman as a result of criminal convictions of Patrice Pearl Schuurman or Patrice Pearl Sliby;

On July 3, 1991, the plaintiffs submitted a motion to quash the subpoena and a motion for a protective order (Docket Entries ## 40 & 41). The plaintiffs' objections are four-fold. They argue that: (1) the subpoena attempts to circumvent Massachusetts laws protecting the privacy of a state criminal offenders' record information (Mass.Gen.L. ch. 6, §§ 167–178; hereinafter: "CORI laws"); (2) the subpoena seeks juvenile records protected by Massachusetts law; (3) the records sought are outside the purview of Fed.R.Evid. 609; and (4) the subpoena was not timely served upon counsel.

The defendants respond that: (1) the state allows defendants' counsel access to criminal offenders' record information ("CORI") for use as impeachment evidence; (2) the subpoena does not seek juvenile records; (3) CORI is relevant to the plaintiffs' credibility and bias as witnesses; (4) and the subpoena was timely served.

## ANALYSIS

### I. *Plaintiffs' Criminal Record Is Discoverable*

■ During discovery, a party is entitled to discover "any matter, not privileged, which is relevant to the subject matter involved in the pending action." Rule 26(b)(1), Fed.R.Civ.P. "Relevance is to be broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is *any* possibility that the information sought may be relevant to the subject matter of the action." *Gagne v. Reddy,* 104 F.R.D. 454, 456 (D.Mass.1984) (quoting *Miller v. Doctor's General Hospital,* 76 F.R.D. 136, 138 (W.D.Okla.1977)).

Rule 26(b)(1), Fed.R.Civ.P., states, in part, that "it is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *See Walsh v. Pullman Co. et al.,* 9 F.R.D. 107 (D.Mass.1949); *Kozlowski v. Sears, Roebuck & Co.,* 73 F.R.D. 73, 75 (D.Mass.1976); *See generally* 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2008 at 41 (1970).

Prior convictions are admissible under Fed.R.Evid. 609 to impeach any witness, including plaintiffs testifying on their own behalf. Discovery of the plaintiffs' probation records is therefore reasonably calculated to uncover admissible evidence. Objections to the tendency of this evidence to prejudice or confuse the jury are properly brought at trial, not during discovery. *Roth v. Paramount Film Distributing Corp.* 4 F.R.D. 302, 304–05 (W.D.Pa.1945);

---

1. "The Defendants" refers to all named defendants: police officers Wullerman, Berg, Nicosia and Hayes, North Reading Chief of Police Henry Purnell, and the Town of North Reading.

*See also Uitts v. General Motors Corp.*, 58 F.R.D. 450, 452–53 (E.D.Pa.1972) (determination of discoverability does not determine admissibility).

■ The plaintiffs argue, in the alternative, for *in camera* inspection of their criminal records to prevent dissemination of embarrassing, irrelevant information. The plaintiffs' privacy is, however, adequately protected by the defendants' assurances of restraint, and by penalties imposed by state law for improper dissemination of criminal record information.[2] The plaintiffs' request is therefore DENIED.

## II. *Defendants' Access Is Proper*

■ The CORI laws establish a "Criminal Offender Record System" and guidelines limiting dissemination of criminal record information to the public. These guidelines allow access, in part, to "any ... agencies and individuals where it has been determined that the public interest in disseminating such information to these parties clearly outweighs the interest in security and privacy." Mass.Gen.L. ch. 6, § 172(c). The Criminal History Systems Board makes this determination by means of a two-thirds majority vote.[3] Mass. Gen.L. ch. 6, § 172.

The defendants appended to their memorandum a purported blanket certification of access passed by the Board in 1978. (Docket Entry # 45, ex. 3). The certification permits access to "counsel of record" wishing to introduce CORI as evidence for impeachment purposes pursuant to Mass. Gen.L. ch. 233, § 21[4]. Pursuant to this certification, Mass.Gen.L. ch. 6, § 172(c) permits access to the plaintiffs' criminal records for impeachment purposes.[5]

## III. *Discovery Is Limited To Non–Juvenile Records*

■ The plaintiffs further argue that the subpoena is overbroad insofar as it seeks juvenile as well as adult criminal records. Fed.R.Evid. 609(d) provides that juvenile adjudications are inadmissible as evidence. Notwithstanding the defendants' assurances that no juvenile records are sought, the defendants' access to the plaintiffs' criminal records shall not include records of juvenile adjudications. The defendants' counsel is therefore ordered to tailor the language of the subpoena accordingly.

## IV. *The Issue Of Notice Is Moot*

As more than two months have elapsed since this court received the plaintiffs' motion to quash and motion for a protective order (Docket Entries ## 40 & 41), the question of whether the plaintiffs had reasonable notice of the taking of the depositions is moot. Discovery has been extended until October 31, 1991. Both parties therefore have ample opportunity to cooperate on the scheduling of remaining depositions.

## CONCLUSION

The Plaintiffs' Motion To Quash The Subpoena Served On The Keeper of the Records of the Office of the Commissioner of Probation (Docket Entry # 40) is DENIED. The Plaintiffs' Motion For a Protective Order (Docket Entry # 41) is DENIED, insofar as it applies to adult convictions, but is ALLOWED insofar as it applies to juvenile convictions.

---

**2.** When seeking access to CORI for impeachment purposes, counsel must certify to this court that it will not reveal plaintiffs' criminal record to parties uninvolved with the defense of this action. (See ¶ II *infra*). Additionally, Mass.Gen.L. ch. 6, § 178 imposes criminal penalties for the improper release of criminal record information.

**3.** The Criminal History Systems Board is an appointed body created by Mass.Gen.L. ch. 6,

§ 168 to administer the Criminal Offender Record System.

**4.** Mass.Gen.L. ch. 233 § 21 is closely analogous to Fed.R.Evid. 609, but contains no explicit balancing test for undue prejudice or confusion, as does the newly amended Rule 609.

**5.** The plaintiffs did not oppose the validity of this certification.