White, J.
In the underlying action, plaintiff, Thomas Frederick (“Frederick”), seeks money damages for injuries sustained on the premises of a power plant *471 maintained by defendants Canal Electric Company (“Canal”) and Commonwealth Electric Co. (“Commonwealth”). On August 18, 1995, defendants served a subpoena for the production of records of plaintiffs incarceration from February through May of 1994 for Operating Under the Influence. Plaintiff now moves to exclude the records from discovery and seeks a ruling on his obligation to produce such records on the grounds of relevancy and admissibility. For the following reasons, plaintiffs Motion to Exclude Records from the Plymouth House of Correction and Jail is DENIED.
BACKGROUND
Plaintiff brought this action on May 31, 1994 alleging injuries suffered as a result of defendants’ negligence in failing to inspect, supervise and maintain an industrial crane which collapsed on plaintiff during the course of his employment at Westinghouse Electric in Sandwich, Massachusetts. Plaintiff seeks damages for lost wages and medical expenses.
On August 18, 1995, defendants issued a subpoena duces tecum to the Plymouth County Correctional Facility for the production of correctional and medical records relating to plaintiffs incarceration from February through May of 1994 for Operating Under the Influence. Plaintiff now seeks to prevent discovery of the records because they contain information regarding plaintiffs alcoholism and attempted suicide during incarceration. In support of the motion, plaintiff argues that the records are not relevant to the issue in this case, i.e. defendant’s liability.
DISCUSSION
Under Mass.R.Civ.P. 26(b)(1), “parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action.” Mass.R.Civ.P. 26(b)(1) (1992). Plaintiff objects that certain portions of the disputed records concerning plaintiffs alcoholism and attempted suicide are irrelevant and inadmissible. “It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.” Id. Because under Massachusetts law, criminal records may be discovered for use for impeachment purposes, discovery of the disputed records in this case appears reasonably calculated to lead to the discovery of admissible evidence. G.L.c. 233, §21; Schuurman v. Town of North Reading, 139 F.R.D. 276, 276 (D.Mass. 1991) (criminal records of civil rights plaintiff, including embarrassing and irrelevant information, are discoverable for impeachment purposes).
Plaintiff also argues that the subpoena seeks irrelevant and embarrassing information about the defendant. A subpoena duces tecum is “subject to supervision by the presiding judge to prevent oppressive, unnecessary, irrelevant and other improper inquiry and investigation.” Cronin v. Strayer, 392 Mass. 525, 555 (1984). General Laws, chapter 6, §172 prohibits improper dissemination of criminal record information and §178 imposes criminal penalties for violation of §172. G.L.c. 6, §§172 and 178 (1986 & 1995 Supp.). Because §178 provides a safeguard against improper dissemination of plaintiffs criminal records, the court finds that the records are discoverable for impeachment purposes. See Schuurman, supra, at 278.
Plaintiff further argues that portions of the records containing references to plaintiffs alcoholism and attempted suicide are privileged communications between psychotherapist and patient. Under G.L.c. 233, §20B, “a patient shall have the privilege of refusing to disclose, and of preventing a witness from disclosing, any communication between patient and psychotherapist.” G.L.c. 233, §20B (1986). Here, plaintiff argues that “(p)resumably this assessment was done by a worker who would fall under the classification of ‘psychotherapist.’ ” (Plaintiffs Mot. in Limine, at 4.) Contrary to plaintiffs presumption, the statute specifically defines “psychotherapist” to include only certain licensed psychologists or physicians who devote a substantial portion of time to psychiatric practice. Id. In addition, the privilege does not apply to medical records simply because some psychiatric information appears within the records. Petition of the Dept. of Social Servs. to Dispense with Consent to Adoption, 399 Mass. 279, 287 (1987). Because plaintiff has not shown that the notations concerning plaintiffs mental health were made by a “psychotherapist” as defined in the statute, the court finds that plaintiffs mental health records are not privileged matters and therefore may be discovered by defendants.
While this court finds that defendants shall be permitted to inspect the correctional and medical records for use for impeachment purposes only, the court declines to rule on whether certain portions of the records, namely references to plaintiffs alcoholism and suicide attempt, would be admissible into evidence if offered by defendants at trial. Given that the trial is not scheduled to begin until April 1996, the court finds that such evidentiary rulings would be premature and defers to the presiding trial judge.
ORDER
It is hereby ORDERED that plaintiffs Motion in Limine to Exclude Records from the Plymouth House of Correction and Jail be DENIED, and defendants are hereby permitted to inspect plaintiffs correctional and medical records subject to the subpoena duces tecum issued on August 18, 1995.