Agnes, A.J.
This is a civil action in which the plaintiff alleges that the decedent, Kendall Strong Jr., died as a result of the drugs he consumed in February 1998, and that the drugs were obtained by means of a prescription that was altered by Angela Strong. Angela Strong is expected to be a witness at trial and her credibility is regarded by the defendant as critical to the outcome of the case. The defendant Oseo Drug (Oseo) has indicated that it wishes to have the opportunity to impeach the credibility of Angela Strong by using prior criminal convictions in accordance with G.L.c. 233, §21. For this reason, Oseo filed a motion requesting the court to order the Commissioner of Probation to supply the defendant’s counsel with information about convictions involving Ms. Strong. Osco’s motion is accompanied by a proposed order directing “(a]ny state agency possessing criminal Offender or Probation Record Information concerning Angela Strong (dob 4/26/71)” to release it to defendant’s counsel or appointed agent.[1] The Motion is also accompanied by an affidavit of counsel in which she states that she is counsel of record, requests “CORI”[2] on prospective witnesses only, will use the information “for trial strategy or trial witness impeachment purposes only,” and agrees not to make any disclosure of CORI to unauthorized persons.
DISCUSSION
Osco’s motion raises the question of what procedure should be followed by counsel in civil cases who seek to discover whether a prospective witness has a prior criminal history that might give rise to an opportunity to impeach the credibility of the witness at trial under G.L.c. 233, §21. Such records are generally discoverable because they are reasonably calculated to lead to the discovery of admissible evidence. See Frederick v. Canal Electric Company, 1995 WL 1146178, 4 Mass. L. Rptr. 470 (Mass. Super.) (1995) (White, J.), discussing Schuurman v. Town of North Reading, 139 F.R.D. 276 (D.Mass. 1991). In particular, should counsel seek an order that is directed to the Commissioner of Probation or to the Criminal History Systems Board?
It appears that there are two choices open to counsel. First, counsel may file a motion and request a court order that the Commissioner of Probation supply to counsel the record of convictions for a party or prospective witness in a case in order to determine whether there is a prior criminal conviction that could be used for impeachment purposes under G.L.c. 233, §21. However, in addition to complying with the procedure outlined in Superior Court Rule 9A for the filing of motions, counsel who chooses this option must also comply with the requirements of the Uniform Rules on Subpoenas to Court Officials, Trial Court Standing Order IX (1992). Under Uniform Rule 3(2), a party seeking access to records compiled or maintained by the Commissioner of Probation must file a motion for the same and serve the Commissioner with a copy. Uniform Rule 3(3) also requires that the order that a court may issue to the Commissioner of Probation on behalf of a party seeking access should contain sufficient identifiers for the person whose record is sought, direct the keeper of the records to provide attested copies, and should “specifically limit the party’s use of *354 the attested copies of such records and the information contained therein to the purpose(s) for which access was granted.”
An order for records directed to the Commissioner of Probation will yield “the Court Activity Record Information (CARI) contained in the Probation Central File.” Uniform Rule 3(3)* . In such a case, the attorney in a civil or criminal case who wishes to use the information for impeachment purposes will still be required to obtain a certified copy of the conviction from the particular court in which the conviction took place.[3] See, e.g., Commonwealth v. Saunders, 435 Mass. 691 (2002) (explaining the requirements of G.L.c. 233, §21 regarding the admissibility of prior criminal convictions; in most cases there is no longer any need to obtain certified copy of the appearance of counsel).
The second choice open to counsel is to file a motion requesting a court order directing the Criminal History Systems Board (CHSB) to supply Criminal Offender Record Information for a particular purpose. See G.L.c. 6, §172. See generally Bellin v. Kelley, 435 Mass. 261 (2001), affirming 48 Mass.App.Ct. 573 (2000). In accordance with its statutory and regulatory authority, see 803 C.M.R. §3.04, CHSB has established a General Grant of access for such information known as the “Attorney of Record Certification.” This authorization provides that “[attorneys of record may receive CORI in civil litigation for witness impeachment or trial strategy purposes. This general grant of access requires an approved motion from the court.”[4] Thus, if an attorney of record in a civil case files a motion under Superior Court Rule 9A seeking an order directing CHSB to release CORI “for witness impeachment or triail strategy purposes” it will be granted without the need to serve anyone else. Of course, the attorney will still be required to obtain a certified copy of any specific criminal conviction and an appearance of counsel in order to use the data for impeachment purposes.
While there is no requirement that an attorney initiate a request for criminal history information for a party or prospective witness with a motion directed to either the Commissioner of Probation or CHSB, it makes more sense to seek relief in the first instance from CHSB. One of the principal missions of CHSB is to establish whether and the terms and conditions under which persons and institutions other than criminal justice agencies (which have a broad right of access to CORI) should be authorized to receive CORI. See G.L.c. 6, §168. CHSB is organized to respond to thousands of requests each year from individuals and organizations seeking access to CORI. Furthermore, CHSB is specifically charged with the responsibility for monitoring the use of CORI, responding to complaints about improper uses of CORI, and to enforce compliance with the terms of the release of CORI. Violations of the applicable laws and regulations pertaining to the CHSB maybe enjoined in a civil proceeding, G.L.c. 6, §177, or punished criminally. G.L.c. 6, §178. The Office of the Commissioner of Probation, on the other hand, exists principally to oversee the supervision of criminal offenders, and to serve the information needs of judges, other court personnel, and lawyers in criminal cases. Counsel who seek orders directed to the Commissioner of Probation may invite additional litigation. If the information sought is exclusively to impeach a witness, access should be limited to records of convictions that quality for use under G.L.c. 233, §21. Typically, the systems used by the Probation Department are not designed to segregate CARI material into admissible convictions and all other material (e.g., a dismissal, a not guilty, a case ended by a nolle prosequi). If, under Uniform Rule 3, supra, the Commissioner is obliged to restrict access to the purposes for which records are sought, the Commissioner’s office could be forced to exclude certain information from CARI material it otherwise has collected on an individual and thus be put to an added burden and expense.[5] Thus, attorneys are advised to seek access to criminal history information about parties or prospective witnesses in civil cases by motion for an order directed to the CHSB.
ORDER
For the above reasons, the court orders the Criminal History Systems Board to supply counsel of record, attorney Jeanne M. Harvey, with Criminal Offender Record Information relating to Ms. Angela Strong (dob 4/26/71) which may be used for witness impeachment or trial strategy purposes.

 There is no authority to support an order directed to “any state agency.” As noted infra, the agencies charged with the responsibility for dissemination of criminal history information are the Criminal History Systems Board and the Commissioner of Probation.

 CORI (Criminal Offender Record Information) is a specific category of criminal history information that is defined by statute and by regulation. See G.L.c. 6, §167; 803 C.M.R. §2:03. Essentially, CORI includes the data gathered about a named adult individual with reference to a particular criminal charge from the time of arrest to the time of final disposition. It does not include evaluative information or intelligence information which are separately defined and regulated. It should be noted that the CHSB actually receives the information contained in its CORI files on a daily basis in an electronic form from the Commissioner of Probation.

 Counsel should not be required to obtain a further judicial order to secure the record of conviction for a named individual from a particular court because the Supreme Judicial Court has held that such information is a public record. See Roe v. Attorney General, 434 Mass. 418 (2001), discussing Globe Newspaper Co. v. Fenton, 819 F.Sup. 89 (D.Mass. 1993).

 This General Grant is included in the Home Page for the Criminal History Systems Board located on the World Wide Web. See www.state.ma.us/chsb. This grant of access has existed since 1978. See Schuurman v. Town of North Reading, 139 F.R.D. 276, 278 (D.Mass. 1991).

 This does not present a problem for the CHSB because it has authorized attorneys to obtain criminal history information for reasons other than simply impeachment under G.L.c. 233, §21 (“trial strategy purposes").